Adam Kenny, Esq.
N.J. Attorney ID #:  025611994
WEINER LESNIAK LLP
629 Parsippany Road
P.O. Box 438
Parsippany, New Jersey 07054-0438
Phone:  (973) 403-1100     Fax: (973) 403-0010
Attorneys for Defendant,
City of Englewood
Our File No. 87890

| | |
|---|---|
| MARC STEPHENS AND TYRONE STEPHENS,<br><br>Plaintiffs<br><br>vs.<br><br>CITY OF ENGLEWOOD, ENGLEWOOD POLICE DEPARTMENT, DET. MARC MCDONALD, DET. DESMOND SINGH, DET. CLAUDIA CUBILLOS, DET. SANTIAGO INCLE, JR., AND DET. NATHANIEL KINLAW, Individually and in official capacity NINA C. REMSON ATTORNEY AT LAW, LLC, AND COMET LAW OFFICES, LLC,<br><br>Defendants. | UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY<br><br>CIVIL ACTION NO:<br>2:14-cv-05362 (WJM) (MAF)<br><br>Civil Action<br><br>*Document filed Electronically*<br><br>**Motion Returnable:**<br>**September 8, 2015** |

## BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
## ON BEHALF OF DEFENDANT, CITY OF ENGLEWOOD

Of Counsel:
ADAM KENNY, ESQ.

On the Brief:
ADAM KENNY, ESQ.

## TABLE OF CONTENTS

PAGE

TABLE OF AUTHORITIES iii

PRELIMINARY STATEMENT 1

PROCEDURAL HISTORY 2

LEGAL ARGUMENT 7

POINT I

THE CITY OF ENGLEWOOD IS ENTITLED TO SUMMARY JUDGMENT IN
ACCORDANCE WITH FED. R. CIV. P. 56    7

POINT II

DEFENDANT CITY OF ENGLEWOOD IS ENTITLED TO SUMMARY
JUDGMENT ON COUNT TWO, COUNT THREE, AND COUNT THIRTEEN
OF THE COMPLAINT    10

A.    Summary Judgment Is Appropriate On Count Two Of The Complaint As
The Plaintiff Has Failed To Meet His Burden Of Proving That The City Of
Englewood Has Failed To Implement Appropriate Policies, Customs And
Practices.    10

B.    City Of Englewood Is Entitled To Summary Judgment On Count Twelve
Of The Complaint And On Count Thirteen Of The Complaint. Plaintiff Has
No Evidence Whatsoever To Substantiate The Allegation Of Negligent
Supervision (Count Twelve) Or The Allegation Of Negligent Hiring (Count
Thirteen).    13

     1.    The Negligent Supervision Claim (Count Twelve)    14

     2.    The Negligent Hiring Claim (Count Thirteen)    17

POINT III

COUNT SIX OF THE COMPLAINT FAILS AS A MATTER OF LAW
AND SUMMARY JUDGMENT SHOULD BE GRANTED DISMISSING
THE DEFAMATION CLAIM WITH PREJUDICE AND IN ITS ENTIRETY    19

**PAGE**

POINT IV

PLAINTIFF TYRONE STEPHENS'S CLAIM OF INTENTIONAL INFLICTION
OF EMOTIONAL DISTRESS FAILS AS A MATTER OF LAW.  SUMMARY
JUDGMENT SHOULD THEREFORE BE ENTERED IN THE CITY'S FAVOR
ON COUNT TEN OF THE COMPLAINT                                              22

POINT V

COUNT ELEVEN OF THE COMPLAINT ("NEGLIGENCE") MUST BE
DISMISSED AS IT FAILS TO STATE A CAUSE OF ACTION                          24

POINT VI

DEFENDANT CITY OF ENGLEWOOD IS ENTITLED TO SUMMARY
JUDGMENT ON COUNT FOURTEEN OF THE COMPLAINT AND THE
ENTRY OF AN ORDER DISMISSING WITH PREJUDICE THE PLAINTIFF'S
CLAIM FOR RELIEF PURSUANT TO THE NEW JERSEY CIVIL RIGHTS ACT   26

POINT VII

COUNT FIFTEEN OF THE COMPLAINT, WHICH ALLEGES A CLAIM UNDER
A THEORY OF RESPONDEAT SUPERIOR FAILS AS A MATTER OF LAW AND
SHOULD BE DISMISSED WITH PREJUDICE                                        28

POINT VIII

CITY OF ENGLWOOD'S RELIANCE UPON ARGUMENTS MADE BY AND ON
BEHALF OF THE ENGLEWOOD DETECTIVE DEFENDANTS IN SUPPORT OF
THEIR SUMMARY JUDGMENT MOTION                                            31

CONCLUSION                                                                32

# TABLE OF AUTHORITIES

**CASE**                                                                                          **PAGE**

Adickes v. S.H. Kress and Co.,
    398 U.S. 144 (1970)                                                                    11

Aly v. Garcia,
    333 N.J. Super. 195 (App. Div. 2000)                                                  24

A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Ctr.,
    372 F.3d 572 (3d Cir. 2004)                                                           30

Anderson v. Liberty Lobby, Inc.,
    477 U.S. 242 (1986)                                                              7, 8, and 9

Andrews v. City of Philadelphia,
    895 F.2d. 1469 (3d. Cir. 1990)                                                      12 and 29

Backes v. First Corr. Med. Inc.,
    766 F.3d 307 (3d Cir. 2014)                                                           30

Bd. of County Comm'rs v. Brown,
    520 U.S. 397 (1997)                                                                 18 and 19

Bielevicz v. Dubinon,
    915 F.2d 845 (3d. Cir. 1990)                                                        11 and 12

Bistrian v. Levi,
    696 F.3d 352 (3d Cir. 2012)                                                           30

Bonenberger v. Plymouth Township,
    132 F.3d 20 (3d Cir. 1997)                                                            29

Brady v. Southern R. Co.,
    320 U.S. 476 (1943)                                                                    7

Buckley v. Trenton Sav. Fund Soc.,
    111 N.J. 355 (1988)                                                                 22 and 23

Celotex Corp. v. Catrett,
    477 U.S. 317 (1986)                                                              8, 9, and 10

Cheritts v. Ridgewood,
    311 N.J. Super. 517 (App. Div. 1998)                                                  19

City of Canton v. Harris,
    489 U.S. 378 (1989)                                  14, 15, and 16

City of Oklahoma City v. Tuttle,
    471 U.S. 808 (1985)                                  14

DeAngelis v. Hill,
    180 N.J. 1 (2004)                                   20

Deluca v. Atlantic Refining Co.,
    176 F.2d 421 (2nd Cir. 1949), cert. denied, 338 U.S 943 (1950)    9

Feggans v. Billington,
    291 N.J. Super. 382 (App. Div. 1996)                   20

Felicioni v. Admin. Office,
    404 N.J. Super. 382 (App. Div. 2008), certif. denied, 203 N.J. 440 (2010)    27

Frazier v. Cupp,
    394 U.S. 731 (1969)                                  21

Griffin v. Tops Appliance City, Inc.,
    337 N.J. Super. 15 (App. Div. 2001)                    23

Gruenke v. Selp,
    225 F.3d 290 (3d Cir. 2000)                        28

Haines v. Kerner,
    404 U.S. 519 (1972)                                  13

Harris v. Middlesex Cty. Coll.,
    353 N.J. Super. 31 (App. Div. 2002)                    24

Hill v. Evening News Co.,
    314 N.J. Super. 545 (App. Div. 1998)                   20

In re: Opinion 552,
    102 N.J. 194 (1986)                                  11

In re Rockefeller Ctr. Prop. Ins. Secs. Litg.,
    311 F.3d 198 (3d. Cir. 2002)                       13

Irvin v. Borough of Darby,
    937 F.Supp. 446 (E.D. Pa. 1996)                   29

Kentucky v. Graham,
    473 U.S. 159 (1985)                                                                                11

Lascurain v. City of Newark,
    349 N.J. Super. 251 (App. Div. 2002)                                 24

Lynch v. N.J. Educ. Ass'n.,
    161 N.J. 152 (1999)                                                            20

Matsushita Elec. Indus. Co. v. Zenith Radio,
    475 U.S. 574 (1986)                                       8 and 9

McLaughlin v. Rosanio, Bailets & Talamo, Inc.,
    331 N.J. Super. 303 (App. Div.), certif. denied, 166 N.J. (2000)     20

Monell v. New York City Dept. of Soc. Servs.,
    436 U.S. 658 (1978)                                      11, 12, and 28

Monroe v. Pape,
    365 U.S. 167 (1961)                                                11

Morse v. Lower Merion Sch. Dist.,
    132 F.3d 902 (3d Cir. 1997)                                     13

M.S. v. Susquehanna Twp. Sch. Dist.,
    43 F.Supp.3d 412 (M.D. Pa. 2014)                          19

Owens v. Feigin,
    194 N.J. 607 (1994)                                              26

Padilla v. Township of Cherry Hill,
    110 Fed. Appx. 272 (3d Cir. 2004)                          29

Pahle v. Colebrookdale Township,
    227 F.Supp.2d 361 (E.D. Pa. 2002)                        29

Parrott v. Taylor,
    451 U.S. 527 (1981)                                             11

Pembaur v. City of Cincinnati,
    475 U.S. 469 (1986)                                        29

Quiroga v. Hasbro, Inc.,
    934 F.2d 497 (3d. Cir.), cert. denied, 502 U.S. 940 (1991)     9

Romaine v. Kallinger,
    109 N.J. 282 (1988)      20

Russo v. Nagel,
    358 N.J. Super. 254 (App. Div. 2003)      20

Sarlo v. Wells Fargo Bank, N.A.,
    2015 U.S. Dist. LEXIS 36358 (March 24, 2015)      23

Schneider v. Simonini,
    163 N.J. 336 (2000), cert. denied, 531 U.S. 1146 (2001)      28

Schoch v. First Fidelity Bancorporation,
    912 F.2d 654 (3d. Cir. 1990)      10

Shaw by Strain v. Stackhouse,
    920 F.2d 1135 (3d. Cir. 1990)      11

Skelovicz v. Quigley,
    586 F.Supp. 532 (D.N.J. 1984)      12

Stomel v. City of Camden,
    192 N.J. 137 (2007)      28

Taylor v. Metzger,
    152 N.J. 490 (1998)      23

Torres v. Kuzniasz,
    936 F.Supp. 1201 (D.N.J. 1996)      12

Trafton v. City of Woodbury,
    799 F.Supp.2d 417 (D.N.J. 2011)      26 and 27

Ward v. Zelikovsky,
    136 N.J. 516 (1994)      20

**RULE**      **PAGE**

Fed. R. Civ. P. 50 (a)      7

Fed. R. Civ. P. 56 (a)      7

Fed. R. Civ. P. 56 (c) (1)      8

Fed. R. Civ. P. 56 (e)      8

| STATUTE | PAGE |
|---|---|
| 42 U.S.C. §1983 | 11 and 28 |
| N.J.S.A. 10:6-2c | 26 |

## PRELIMINARY STATEMENT

From the moment that pro se plaintiff Tyrone Stephens and pro se plaintiff Marc Stephens filed this action in the United States District Court slightly less than one year ago, they accepted the burden, the responsibility, and the obligation of proving the allegations contained within their Complaint. For while the law may allow an individual a certain degree of latitude regarding the allegations he makes concerning another, and in fact appears to permit an even greater degree of latitude when the one making the allegations is not himself a lawyer, there is a moment in every civil action where a plaintiff is put to his proofs. In every action, there comes a time when the law, which had previously afforded him the opportunity to make those allegations, calls upon him to meet his burden, to honor his obligation and to prove them.  That time has arrived in this civil action for plaintiff Tyrone Stephens.

It is the position of the Englewood defendants, the City as articulated at length in these papers, and the individually-named members of the Englewood Police Department (the Englewood Detective Defendants) as is articulated at length in the papers filed in support of their summary judgment motion that the plaintiff Tyrone Stephens cannot rise to meet his burden. In the slightly less than one year since plaintiff Tyrone Stephens's allegations against these defendants were formally memorialized in the complaint he has done nothing to add any substance whatsoever to them. His time in which to do so has now expired.

This court is charged with the duty now of only permitting a claim to proceed to trial on which a neutral, dispassionate finder of fact not unduly swayed by emotion or prejudice could reasonably find in favor of the party against whom the motion has been filed.  It is self-evident upon an examination of the evidence presented through that prism that such an outcome here is impossible.

1

## PROCEDURAL HISTORY

On August 26, 2014, plaintiff Tyrone Stephens and his older brother, plaintiff Marc Stephens, filed a twenty-count Complaint in the United States District Court for the District of New Jersey. The self-represented plaintiffs identified their action, <u>Marc and Tyrone Stephens v. City of Englewood, et al.</u>, as a Civil Rights Complaint. A copy of the Plaintiffs' Civil Rights Complaint and Jury Demand in the matter of <u>Marc and Tyrone Stephens v. City of Englewood, et al.</u>, received and filed on August 26, 2014, is attached to the Certification of Adam Kenny as **Exhibit A**.

The Complaint named the City of Englewood as a defendant. The Englewood Police Department and five members of the Englewood Police Department (Detective Marc McDonald, Detective Desmond Singh, Detective Lt. Claudia Cubillos, Detective Santiago Incle, Jr. and Detective Nathaniel Kinlaw), hereinafter "the Englewood Defendants", were also named as defendants. Also named as defendants in the Complaint were Nina Remson, an attorney who represented Tyrone Stephens in connection with charges that arose out of juvenile matters that preceded the October 31, 2012 incident, which incident precipitated this lawsuit, and Comet Law Offices, LLC, the principal of which, Jordan Comet, is an attorney who represented Tyrone Stephens in connection with the charges filed against him that arose out of the October 31, 2012 incident.

Although the plaintiffs' Complaint identified Marc and Tyrone Stephens as plaintiffs, plaintiff Marc Stephens presently has **no claims** against the Englewood Defendants. The Complaint sets forth twenty specifically enumerated causes of action, of which only fifteen are against the Englewood Defendants. Each of the fifteen counts alleges a cause of action that belongs solely to plaintiff Tyrone Stephens.

947468-1

Count One through Count Five of the Complaint assert claims brought pursuant to 42 U.S.C. §1983 (False Arrest, Failure to Implement Appropriate Policies, Customs, and Practices, False Evidence, False Evidence, and False Evidence respectively). **Exhibit A at Count One through Count Five.** The Sixth Count of the Complaint is an allegation of Defamation of Character, which allegation again involves only plaintiff Tyrone Stephens. **Exhibit A at Count Six.** The Complaint's Seventh Count alleges that the five defendant members of the Englewood Police Department conspired to falsify evidence, coerce co-defendants, and make false statements in order to file a complaint against plaintiff Tyrone Stephens. **Exhibit A at Count Seven.**

Count Eight and Count Nine of the Complaint assert claims brought pursuant to 42 U.S.C. §1983 alleging, respectively, the Malicious Prosecution and the False Imprisonment of plaintiff Tyrone Stephens. **Exhibit A at Count Eight and Count Nine.** Count Ten alleges that the Englewood Defendants fraudulently, intentionally, and deliberately inflicted emotion distress on plaintiff Tyrone Stephens by conspiring to "falsify evidence and sworn testimonies, suppress audio testimonies, coerce co-defendants, fail to follow standard procedures, and make false statements in order to file a complaint" against him. **Exhibit A at Count Ten, Paragraph 97.** The Complaint's Eleventh Count alleges that the Englewood Defendants negligently breached their duty to use due care in the performance of their duties, which breach damaged plaintiff Tyrone Stephens. **Exhibit A at Count Eleven.**

Plaintiff Tyrone Stephens asserts additional 42 U.S.C. §1983 claims against the Englewood Defendants in Count Twelve (Negligent Supervision) and Count Thirteen (Negligent Hiring) of the Complaint. **Exhibit A at Count Twelve and Count Thirteen.** The Fourteenth Count of the Complaint alleges that the Englewood Defendants violated plaintiff Tyrone

3

947468-1

Stephens's civil rights pursuant to the New Jersey Civil Rights Act, which is codified at N.J.S.A. 10:6-1 et seq.  **Exhibit A at Count Fourteen.**  Finally, the Fifteenth Count of the Complaint is a claim against the Englewood Defendants under the doctrine of Respondeat Superior.  **Exhibit A at Count Fifteen.**

The Complaint's five remaining counts, which are counts that set forth causes of action for Negligence, Malpractice, Breach of Contract, and Ineffective Assistance of Counsel against attorney Nina Remson and against attorney Jordan Comet are the only counts of the Complaint in which plaintiff Marc Stephens asserts a cause of action.  **Exhibit A at Count Sixteen through Count Twenty.**

The City of Englewood answered the Complaint on October 10, 2014.  A copy of the City's Answer to the Complaint, filed and received on October 10, 2014, is attached as **Exhibit B.**  The Englewood Police Department is not a legal entity separate and apart from the City of Englewood, which is a public entity and municipal corporation organized pursuant to the laws of the State of New Jersey.  The Englewood Police Department, therefore, did not file an Answer to the Complaint as any and all claims asserted against the Englewood Police Department are claims asserted against the City.

The five members of the Englewood Police Department who plaintiff Tyrone Stephens named as defendants filed an Answer to the Complaint on October 10, 2014 also.  **Exhibit C** to the Certification of Adam Kenny is a copy of the Answer to the Complaint, filed on October 10, 2014, on behalf of defendants Detective Marc McDonald, Detective Desmond Singh, Detective Lt. Claudia Cubillos, Detective Santiago Incle, Jr., and Detective Nathaniel Kinlaw.  Defendant Nina Remson's Answer to the Complaint was filed on October 26, 2014.  As of this date,

4

defendant Comet Law Offices LLC has neither filed an Answer nor otherwise appeared in this matter.

On November 21, 2014, the Hon. Mark Falk, U.S.M.J. entered a Scheduling Order that set a Discovery End Date of March 21, 2015. A copy of the November 21, 2014 Scheduling Order is attached to the Certification of Adam Kenny as **Exhibit D**. At the request of counsel, Magistrate Falk scheduled a Case Management Conference for March 26, 2015. Shortly before His Honor conducted the aforementioned conference, on or about March 23, 2015, the plaintiffs filed a Notice of Motion seeking Leave to File an Amended Complaint, the purpose of which was two-fold: (a) the addition of two members of the Englewood Police Department, Police Officer Tracey Temple and Lieutenant Kevin Hayes, as defendants; and (b) the addition of Marc Stephens as a plaintiff on the numerous causes of action that belong only to plaintiff Tyrone Stephens. Subsequent to the plaintiffs' filing of the initial motion seeking leave to amend, they augmented their motion papers by seeking leave to add Chief Lawrence Suffern and Deputy Chief Thomas LoSchiavo of the Englewood Police Department as defendants. The plaintiffs' motion, which the Englewood Defendants opposed, has not been adjudicated as of this date.

Magistrate Falk entered an Order on April 15, 2015 directing all counsel and pro se plaintiff Marc Stephens to appear for an in-person Case Management Conference and Settlement Conference before His Honor on May 28, 2015. **Exhibit E** to the Certification of Adam Kenny is a copy of the April 15, 2015 Order. Thereafter, an updated Scheduling Order was entered on April 22, 2015, a copy of which is attached to the Certification of Adam Kenny as **Exhibit F**. In pertinent part, the Order directed the plaintiff Tyrone Stephens to appear for an April 23, 2015 deposition at the Bergen County Jail, where he was incarcerated on charges arising out of 2014

arrest in Teaneck, New Jersey, directed the plaintiff Marc Stephens to appear for an April 24, 2015 deposition and set a new Discovery End Date of May 18, 2015. [1]

As directed by His Honor, all counsel and plaintiff pro se Marc Stephens appeared before Magistrate Falk for a Conference on May 28, 2015. Consistent with rulings His Honor made during the conference, a June 4, 2015 Order was entered, a copy of which is attached to the Certification of Adam Kenny as **Exhibit G**. Pursuant to His Honor's Order, discovery was extended one final time to July 7, 2015 and the court directed that no further extensions of discovery would be permitted. His Honor's Order of June 4, 2015 further established August 14, 2015 as the deadline for the filing of dispositive motions.

Discovery in this matter is now closed. Pursuant to the June 4, 2015 Order of Magistrate Falk, the City of Englewood now moves for summary judgment seeking the dismissal with prejudice of the Complaint. In support of its motion, the City of Englewood respectfully relies upon its submission with supporting documents. It also respectfully relies upon the submission of the Englewood Detective Defendants, which submission while made in support of those defendants' motion, applies to and touches upon plaintiff Tyrone Stephens's claims against the defendant, City of Englewood. The Statement of Material Facts pursuant to Local Civ. Rule 56 and he legal arguments set forth by the Englewood Detective Defendants in their moving papers are incorporated by reference and relied upon by the City of Englewood as if set forth at length in this brief.

---

[1] Plaintiff pro se Tyrone Stephens was released from the Bergen County Jail on June 3, 2015, which fact the plaintiffs disclosed to neither the court nor to defense counsel. Counsel for the City only learned of Tyrone Stephens's status for the first time on July 20, 2015, which information the pro se plaintiffs did not provide.

947468-1

## LEGAL ARGUMENT[2]

### POINT I

### THE CITY OF ENGLEWOOD IS ENTITLED TO SUMMARY JUDGMENT IN ACCORDANCE WITH FED. R. CIV.P. 56

Fed. R. Civ. P. 56(a) provides that, "A party may move for summary judgment, identifying each claim or defense — or the part of each claim or defense — on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Approximately three decades ago, the Supreme Court of the United States held that, "A dispute is 'genuine' when a reasonable jury could return a verdict for the non-moving party based on the evidence in the record." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The Court further held that a factual dispute is material when, "it might affect the outcome of the suit under governing law." Id. Stated simply:

> The inquiry performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

Id. at 250.

The standard mirrors the standard for a directed verdict under Fed. R. Civ. P. 50(a), which provides that, "the trial judge must direct a verdict if, under the governing law, there can be but one reasonable conclusion as to the verdict." Anderson, 477 U.S. at 250, citing Brady v. Southern R. Co., 320 U.S. 476, 479-480 (1943). In the context of a summary judgment motion,

---

[2] The City of Englewood respectfully relies upon the Statement of Material Facts that the individual Englewood Detective Defendants have submitted to this court as part of their motion for summary judgment.

7

the district court's determination of whether a given factual dispute requires submission to a jury must be guided by the substantive evidentiary standards that apply to a case. Anderson, 477 U.S. at 255.

A party seeking summary judgment initially bears responsibility for informing the court of the basis for its motion and identifying those portions of the record that "it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Where the non-moving party is the party that bears the burden of proof at trial on a particular issue, the moving party's initial Celotex burden can be met simply by demonstrating to the district court that "there is an absence of evidence to support the non-moving party's case." Id. at 325.

Upon the moving party's satisfaction of its initial burden, the onus shifts to the adverse party to establish the existence of a genuine issue of material fact. Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 585-586 (1986). Its response must cite, "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1). Rule 56(e) provides that "when a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavit, or otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." When a moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. Matsushita Elec.

Indus. Co. v. Zenith Radio, 475 U.S. at 586, citing Deluca v. Atlantic Refining Co. 176 F.2d 421, 423 (2nd Cir. 1949), cert. denied, 338 U.S. 943 (1950) ("But if a motion for summary judgment is to have any office whatsoever, it is to put an end to such frivolous possibilities when they are the only answer").

Summary judgment's purpose is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial. It is therefore appropriately granted when the non-moving party fails to rebut by making a factual showing that is "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. Matsushita Elec. Indus. Co., 475 U.S. at 587. The summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole. The Federal Rules are designed to secure the just, speedy and inexpensive determination of every action. Celotex, 477 U.S. at 327.

While the non-moving party will bear the burden of proof at trial, the moving party's burden can be "discharged by showing – that is, pointing out to the District Court – that there is an absence of evidence to support the non-moving party's case." Celotex, 477 U.S. at 325. The district court may grant summary judgment when the evidence that the non-moving party offers in opposition to a properly-supported summary judgment motion is "colorable" or "not significantly probative." Anderson, 477 U.S. at 249-50.

In opposing summary judgment, a non-moving party may not "rest upon mere allegations, general denials, or ... vague statements." Quiroga v. Hasbro, Inc., 934 F.2d 497, 500 (3d. Cir.), cert. denied, 502 U.S. 940 (1991); Schoch v. First Fidelity Bancorporation, 912 F.2d.

9

654, 657 (3d. Cir. 1990) ("unsupported allegations in [a nonmovant's] memorandum and pleadings are insufficient to repel summary judgment").

Further, when a non-moving party, which bears the burden of proof at trial, has failed in opposition to a motion for summary judgment to raise a disputed fact issue as to any essential element of his or her claim, summary judgment should be granted because "*a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.*" Celotex, 477 U.S. at 322-23. Emphasis added.

Plaintiff Tyrone Stephens cannot carry his burden of proving that any claimed violation of the rights afforded to him under either federal law or state law arose out of the enforcement of a municipal policy, practice or the decision of a final policy-maker such that any City of Englewood policy or custom was the moving force behind the alleged violation of his rights. Accordingly, plaintiff's Complaint as against the City of Englewood and the Englewood Detective Defendants must be dismissed in accordance with F.R.C.P. 56(c).

## POINT II

### DEFENDANT CITY OF ENGLEWOOD IS ENTITLED TO SUMMARY JUDGMENT ON COUNT TWO, COUNT TWELVE, AND COUNT THIRTEEN OF THE COMPLAINT.

Count Two, Count Twelve and Count Thirteen of Plaintiff Tyrone Stephens's Complaint each alleges that the City of Englewood violated plaintiff Tyrone Stephens's civil rights pursuant to 42 U.S.C. §1983. In the interests of judicial economy and expediency, the defendant City of Englewood shall address the basis for its prayer for an Order granting summary judgment in its favor on each of these counts and for the dismissal with prejudice of each of these counts.

A.    Summary Judgment Is Appropriate On Count Two Of The Complaint As The Plaintiff Has Failed to Meet His Burden Of Proving That The City Of Englewood Failed To Implement Appropriate Policies, Customs, And Practices.

10

To prevail on a §1983 claim a plaintiff must establish that: (1) the conduct complained of was committed by a person acting under the color of State law; (2) this conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States; and (3) the defendant's acts were the proximate cause of the injuries and consequent damages sustained by the plaintiff. See Parratt v. Taylor, 451 U.S. 527 (1981); Adickes v. S.H. Kress and Co., 398 U.S. 144 (1970); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1142 (3d. Cir. 1990).

Congress enacted §1983 to "enforce provisions of the Fourteenth Amendment against those who carry a badge of authority of a State and represent it in some capacity, whether they act in accordance with their authority or misuse it." Monroe v. Pape, 365 U.S. 167, 171-172 (1961) (Overruled on other grounds by Monell v. New York City Dept. of Soc. Servs. 436 U.S. 658 (1978)). Under §1983, both local government entities and their individual officers or employees may be held liable. Kentucky v. Graham, 473 U.S. 159, 165 (1985); see Monell, 436 U.S. at 690; In re: Opinion 552, 102 N.J. 194, 197 (1986). An officer may be sued in his individual or official capacity. Graham, 473 U.S. at 166. Individual-capacity action seeks to impose personal liability on an officer, whereas an official-capacity action, where it is claimed that the officer acted in furtherance of an official policy, is merely another way of pleading an action against the government entity. In re Opinion 552, 102 N.J. at 199-200.

A government entity may be held liable under §1983, not on the basis of respondeat superior, but only upon evidence that the entity itself supported a violation of constitutional rights. Bielevicz v. Dubinon. 915 F.2d 845, 849-50 (3d Cir. 1990). To prove entity liability a plaintiff must show that the violation occurred as a result of an official policy or unofficial custom. Monell, 436 U.S. at 694 (liability attaches when "execution of a government's policy or

11

custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury").

A policy is created when a decision-maker with authority "issues an official proclamation, policy, or edict." Bielevicz, 915 F.2d at 850 (quoting Andrews v. City of Philadelphia, 895 F.2d 1469, 1480 (3d. Cir. 1990). A course of conduct may be considered a custom when the practice of state officials, though not authorized by state law, is "so permanent and well-settled' that it constitutes law. Monell, 436 U.S. at 691; see Torres v. Kuzniasz, 936 F.Supp. 1201, 1206 (D.N.J. 1996). This may be proven by a showing of knowledge and acquiescence in that the policymakers were aware of the unlawful conduct, but their procedure of reprimand was so inadequate in that it ratified future occurrences of that conduct. Torres, 936 F. Supp. at 1206; see Bielevicz 915 F.2d at 854. In either instance, a plaintiff must prove that an officer, who had the power to set policy, was responsible for the policy or acquiescence in a well-settled custom. The plaintiff then must show a casual nexus between such proof and his injury. Bielevicz, 915 F.2d at 850. Moreover, the plaintiff just identify with specificity the official policy or unofficial custom that the plaintiff claims serves as the basis for establishing the entity's liability under §1983. Skevolix v. Quigley, 586 F. Supp. 532, 544 (D.N.J. 1984).

Count Two of the Complaint is full of sound and fury, signifying nothing. Plaintiff Tyrone Stephens baldly alleges that the City violated his constitutional rights and did so pursuant and custom to "a de facto pattern and practice of the Defendant's deliberate indifference to the Constitutional rights of the plaintiff Tyrone Stephens." **Exhibit A at Count Two, Paragraph 42.** It is further alleged that:

> Defendant City of Englewood and the Englewood Police Department implicitly and explicitly adopted and implemented careless and reckless policies, customs or practices that included among other things displaying a pattern and unlawful practice of law towards the Plaintiff Tyrone Stephens.

947468-1

**Exhibit A at Count Two, Paragraph 43.**

The two remaining paragraphs of Count Two reiterate the plaintiff's unsubstantiated, grossly overbroad allegation of "deliberate indifference" on the part of the defendant City of Englewood but neither paragraph identifies with even a modicum of specificity what policies, customs or practices the City allegedly adopted – whether implicitly or explicitly – that form the basis of the plaintiff's §1983 claim against it.   The City acknowledges that pro se complaints are to be liberally construed.   Haines v. Kerner, 404 U.S. 519, 520 (1972).  "However under no circumstances is a court required to accept bald assertions, unwarranted inferences, or sweeping legal conclusions in the form of factual allegations."  In re Rockefeller Ctr. Props. Ins. Secs. Litg., 311 F.3d 198, 215 (3d Cir. 2002); Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 n. 8 (3d Cir. 1997).

Respectfully, that is particularly so when a case is posited as this one is presently.  Pre-trial discovery is over.  Plaintiff Tyrone Stephens had ample opportunity to add some substance to his bare bones allegations.  He did not do so.  No depositions were conducted of any official or officer of the City (or of any of the individually-named defendants for that matter).  Plaintiff neither identified an expert nor served an expert's report. The time for doing so is over.

Fundamental fairness demands that Count Two of the Complaint be dismissed with prejudice at this time.   The defendants, City of Englewood and the Englewood Detective Defendants, respectfully pray for the entry of an Order granting summary judgment on Count Two of the Complaint.

    B.    <u>City Of Englewood Is Entitled To Summary Judgment On Count Twelve Of The Complaint And On Count Thirteen Of The Complaint.  Plaintiff Has No Evidence Whatsoever To Substantiate The Allegation of Negligent Supervision (Count Twelve) Or The Allegation Of Negligent Hiring (Count Thirteen)</u>

1.     **The Negligent Supervision Claim (Count Twelve)**

Count Twelve of the Complaint is, once again, a broad, sweeping allegation for which

plaintiff Tyrone Stephens failed to develop a single piece of substantive evidence during pre-trial

discovery:

> On or about October 31, 2012, Defendants City of Englewood, and the
> Englewood Police Department jointly, severally and/or individually through its
> agents, servants and/or employees were negligent and otherwise reckless in that
> *they failed to adequately train, supervise and properly control* the Defendants
> Det. Marc McDonald, Det. Desmond Singh, Det. Claudia Cubillos, Det. Santiago
> Incle, Jr., and Det. Nathaniel Kinlaw, the City of Englewood and the Englewood
> Police Department jointly, severally and/or individually and did negligently hire
> the Defendants Det. Marc McDonald, Det. Desmond Singh, Det. Claudia
> Cubillos, Det. Santiago Incle, Jr., and Det. Nathaniel Kinlaw, creating an
> atmosphere of lawlessness, within which officers perpetuated a violation of civil
> rights based upon false arrest, conspiracy, malicious prosecution, defamation of
> character, negligence, false imprisonment, deprivation of liberty and intentional
> infliction of emotional distress against the Plaintiff[3].

**Exhibit A at Count Twelve, Paragraph 105. Emphasis added.**

Inadequate police training serves as the basis for liability under §1983 where it "amounts

to deliberate indifference to the rights of persons with whom the police come into contact." City

of Canton v. Harris, 489 U.S. 378, 388 (1989).  "[W]hen a failure to train reflects a "deliberate"

or "conscious" choice by a municipality - a "policy" as defined by our prior cases -- …a city

[can] be liable for such a failure to under §1983." City of Canton 489 U.S. at 388.  To prevail on

such a §1983 claim, plaintiff must introduce evidence of other incidents because deliberate

indifference to constitutional rights generally cannot be established solely by reference to a

single incident in question. City of Oklahoma City v. Tuttle, 471 U.S. 808, 823-4 (1985).

Writing for the Court in City of Canton, Justice White explained that the Court's creation

of a rule that required the allegedly inadequate or deficient training to rise to the level of

---

[3] In the absence of a single fact to substantiate his baseless allegation of negligent supervision, Plaintiff simply provided an
itemized catalog of the torts identified in the various counts of the Complaint.

947468-1

constituting deliberate indifference to one's rights in order to hold a municipality liable under

§1983 found its roots in <u>Monell</u>:

> This rule is most consistent with our admonition in <u>Monell</u>, 436 <u>U.S.</u> at 694, and <u>Polk County v. Dodson</u>, 454 <u>U.S.</u> 312, 326 (1981), that a municipality can be liable under §1983 only where its policies are the moving force behind the constitutional violation.

<u>City of Canton</u>, 489 <u>U.S.</u> at 388-389.

> Justice White continued:

> Only where a municipality's failure to train its employees in a relevant respect evidences a deliberate indifference to the rights of its inhabitants can such a shortcoming be properly thought of as a city "policy or custom" that is actionable under §1983. As Justice Brennan's opinion in <u>Pembaur v. Cincinnati</u>, 475 <u>U.S.</u> 469, 483-484 (1986) (plurality) put it: Municipal liability under §1983 attaches where –and only where- a deliberate choice to follow a course of action is made from among various alternatives by city policymakers. See also <u>Oklahoma City v. Tuttle</u>, 471 <u>U.S.</u> at 823 (opinion of Rehnquist, J.). Only where a failure to train reflects a "deliberate" or "conscious" choice by a municipality – a policy as defined by our prior cases – can a city be liable for such a failure under §1983.

<u>City of Canton</u>, 489 <u>U.S.</u> at 389.

Plaintiff can cite no policy created by any decision-maker in authority at the City of

Englewood in regard to the conducting of a criminal investigation, or in regard to the filing of a

criminal complaint, which official proclamation, policy or edict encouraged members of the City

of Englewood Police Department to violate the civil rights of any person within the City,

including but not limited to plaintiff Tyrone Stephens.

A plaintiff's claim of inadequate police training as a basis for holding a public entity

liable in a §1983 action must be predicated upon something less gossamer than conjecture or

assumption. An unsupported lay opinion concerning the adequacy of police training certainly

cannot establish proof of deliberate indifference on the part of an entity or of its policymakers to

the rights of persons with whom the police come into contact.  City of Canton v. Harris, 489 U.S. 378, 388 (1989).

Plaintiff retained no expert to support his liability claims against the City of Englewood, including but not limited to the claim that the City had negligently supervised defendants Det. Marc McDonald, Det. Desmond Singh, Det. Lt. Claudia Cubillos, Det. Santiago Incle, Jr., and Det. Nathaniel Kinlaw.  He took no depositions.  He adduced no evidence in discovery as to any of his liability claims against the City.  He therefore cannot offer any valid criticism of any training or supervision the City offers to its police officers in regard to the handling of a criminal investigation, including but not limited to the determination of probable cause.  Plaintiff Tyrone Stephens alleged that the City failed to train, supervise and control defendants Det. Marc McDonald, Det. Desmond Singh, Det. Lt. Claudia Cubillos, Det. Santiago Incle, Jr., and Det. Nathaniel Kinlaw.  Yet **he did nothing to prove that bare, bald-faced allegation**.

Attention is again respectfully directed to City of Canton for the Court's stated basis for enacting a rigorous standard for establishing §1983 liability against a municipality:

> To adopt lesser standards of fault and causation would open municipalities to unprecedented liability under §1983.  In virtually every instance where a person has his or her constitutional rights violated by a city employee, a §1983 plaintiff will be able to point to something the city "could have done" to prevent the unfortunate incident.  See Oklahoma City v. Tuttle, 471 U.S. at 823 (opinion of Rehnquist, J.).  Thus permitting cases against cities for their "failure to train" employees to go forward under §1983 on a lesser standard would result in *de facto respondeat superior* liability on municipalities – a result we rejected in Monell, 436 U.S. at 693-694.  It would also engage the federal courts in an endless exercise of second-guessing municipal employee-training programs.  This is an exercise we believe the federal courts are ill-suited to undertake, as well as one that would implicate serious questions of federalism.  Cf. Rizzo v. Goode, 423 U.S. 362, 378-380 (1976).

City of Canton, 489 U.S. at 391-392.  Emphasis in original.

Count Twelve of the Complaint therefore fails and the appropriate, just resolution of this failed cause of action is the entry of summary judgment in favor of the defendant City of Englewood. The defendants, City of Englewood and the Englewood Detective Defendants, respectfully pray for the entry of an Order granting summary judgment to them on Count Twelve of the Complaint and dismissing it in its entirety and with prejudice.

### 2.     The Negligent Hiring Claim (Count Thirteen)

In Count Thirteen of the Complaint the plaintiff Tyrone Stephens alleges that the defendant, City of Englewood, "failed to exercise reasonable care and [was] negligent in selecting, hiring, and retaining defendants Det. Marc McDonald, Det. Desmond Singh, Det. Lt. Claudia Cubillos, Det. Santiago Incle, Jr., and Det. Nathaniel Kinlaw." **Exhibit A at Count Thirteen, Paragraph 111.** Without a word of explanation as to how precisely the City was negligent, the plaintiff Tyrone Stephens further alleged that the City "knew or reasonably should have known that Defendants [Det. Marc McDonald, Det. Desmond Singh, Det. Lt. Claudia Cubillos, Det. Santiago Incle, Jr., and Det. Nathaniel Kinlaw] would violate plaintiff Tyrone Stephens's civil and constitutional rights." **Id.**

As was the case with regard to his §1983 claim for negligent supervision, the plaintiff retained no expert in furtherance of his §1983 claim predicated upon negligent hiring. He has no expert therefore to support this particular liability claim against the City of Englewood addressing its allegedly negligent hiring of defendants Det. Marc McDonald, Det. Desmond Singh, Det. Lt. Claudia Cubillos, Det. Santiago Incle, Jr., and Det. Nathaniel Kinlaw. He took no depositions. He adduced no evidence in discovery as to any of his liability claims against the City, including of course the §1983 claim for negligent hiring.

17

Almost two decades ago, writing for the Court in <u>Bd. of the County Comm'rs v. Brown</u>,

520 <u>U.S.</u> 397 (1997), Justice O'Connor declared:

> Cases involving constitutional injuries allegedly traceable to an ill-considered
> hiring decision pose the greatest risk that the municipality will be held liable for
> an injury that it did not cause. In the broadest sense, every injury is traceable to a
> hiring decision. Where a court fails to adhere to rigorous requirements of
> culpability and causation, municipal liability collapses into *respondeat superior*
> liability. As we recognized in <u>Monell</u> and have repeatedly reaffirmed Congress
> did not intend municipalities to be held liable unless *deliberate* action attributable
> to the municipality directly caused a deprivation of federal rights. A failure to
> apply stringent culpability and causation requirements raises serious federalism
> concerns, in that it risks constitutionalizing particularized hiring requirements that
> States have themselves elected not to impose.

<u>Brown</u>, 520 <u>U.S.</u> at 415. Emphasis in original.

As Justice White had done in <u>City of Canton</u>, Justice O'Connor articulated the <u>Brown</u>

Court's rationale for imposing such an admittedly stringent burden on a plaintiff prosecuting a

§1983 claim based upon a municipality's allegedly negligent hiring of an employee:

> Where a plaintiff presents a §1983 claim premised upon the inadequacy of an
> official's review of a prospective applicant's record, however, there is a particular
> danger that a municipality will be held liable for an injury not directly caused by a
> deliberate action attributable to the municipality itself. Every injured suffered at
> the hands of a municipal employee can be traced to a hiring decision in a "but-
> for" sense: But for the municipality's decision to hire the employee, the plaintiff
> would not have suffered the injury. To prevent municipal liability for a hiring
> decision from collapsing into *respondeat superior* liability, a court must carefully
> test the link between the policymaker's inadequate decision and the particular
> injury alleged.

<u>Brown</u>, 520 <u>U.S.</u> at 410.

Here, the plaintiff Tyrone Stephens never moved beyond the bald, broad allegations of

Count Thirteen of the Complaint to articulate a basis upon which this court should permit his

negligent hiring claim to be presented to a jury with respect to any of the five individually-named

defendants:   Det. Marc McDonald, Det. Desmond Singh, Det. Lt. Claudia Cubillos, Det.

Santiago Incle, Jr., and Det. Nathaniel Kinlaw. Simply put, other than alleging in Count Thirteen

of the Complaint that the City negligently and/or inadequately screened each of them, plaintiff

Tyrone Stephens never set forth a factual predicate to support the allegation. Again, this court's

attention is directed to Brown:

> A finding of culpability [on the part of the municipality] cannot depend on the
> mere probability that any officer inadequately screened will inflict any
> constitutional injury. Rather, it must depend on a finding that *this* officer was
> highly likely to inflict the *particular* injury suffered by the plaintiff. The
> connection between the background of the particular applicant and the specific
> constitutional violation alleged must be strong.

Brown, 520 U.S. at 412. See also, Cheritts v. Ridgewood, 311 N.J. Super. 517, 533 (App. Div.
1998); M.S. v. Susquehanna Twp. Sch. Dist., 43 F.Supp.3d 412, 426 (M.D. Pa. 2014).

Plaintiff Tyrone Stephens has failed to meet his burden of proof on his §1983 claim

against the defendant, City of Englewood, based on negligent hiring. The City and the

Englewood Detective Defendants respectfully submit therefore that they are entitled to the relief

they seek, which is the entry of an Order granting summary judgment on Count Thirteen of the

Complaint and dismissing it in its entirety and with prejudice.

## POINT III

### COUNT SIX OF THE COMPLAINT FAILS AS A MATTER OF LAW AND SUMMARY JUDGMENT SHOULD BE GRANTED DISMISSING THE DEFAMATION CLAIM WITH PREJUDICE AND IN ITS ENTIRETY

Count Six of the Complaint alleges that defendant Detective Marc McDonald defamed

plaintiff Tyrone Stephens by allegedly informing Justin Evans (who was a co-defendant in the

criminal action that the State of New Jersey prosecuted arising out of the October 31, 2012

incident and who, in fact, pleaded guilty to his role in the attack) and Pamela Evans, the mother

of Justin Evans, during a November 7, 2012 interrogation that, "plaintiff Tyrone Stephens was

under criminal investigation and was the individual who named Justin as one of the

perpetrators." **Exhibit A at Count Six, Paragraph 58.** Plaintiff Tyrone Stephens alleges

further that Detective McDonald, "stated and/or implied that Tyrone, an innocent citizen, was a guilty criminal to a third party during co-defendant Justin Evans's interrogation and sworn testimony on November 7, 2012, which is defamation of character – Slander per se." **Exhibit A at Count Six, Paragraph 59.**

Under New Jersey law, in order to prove a claim for defamation, a plaintiff "must establish, in addition to damages, that the defendant (1) made a defamatory statement of fact (2) concerning the plaintiff (3) which was false, and (4) which was communicated to a person or persons other than the plaintiff." Feggans v. Billington, 291 N.J. Super. 382, 391 (App.Div.1996); DeAngelis v. Hill, 180 N.J. 1, 12 (2004) (New Jersey courts define defamation in accordance with the Restatement (Second) of Torts § 558 (1977)). A plaintiff must also prove a fifth element, fault. Id.

Whether a statement is susceptible of a defamatory meaning is a question of law for the court. DeAngelis, 180 N.J. at 14. In deciding whether a statement is defamatory, the court considers its content, verifiability, and context. Ward v. Zelikovsky, 136 N.J. 516 (1994); Lynch v. N.J. Educ. Ass'n, 161 N.J. 152, 163-65 (1999); McLaughlin v. Rosanio, Bailets & Talamo, Inc., 331 N.J. Super. 303, 312 (App. Div.), certif. denied, 166 N.J. 606 (2000). The content of the statement must also be considered in the context of the publication as a whole. Romaine v. Kallinger, 109 N.J. 282, 290 (1989); Hill v. Evening News Co., 314 N.J. Super. 545, 552 (App. Div. 1998). "The focus is on the effect of the alleged defamatory statement on third persons, that is, whether they viewed the plaintiff in a lesser light as a result of hearing or reading the offending statement." Russo v. Nagel, 358 N.J. Super. 254, 263-64 (App. Div. 2003).

Plaintiff Tyrone Stephens's defamation claim fails, therefore, as a matter of law. The sum and substance of the claim is what transpired during Detective McDonald's November 7,

2012 interrogation of Justin Evans. Presuming for the limited purposes of this motion that what plaintiff Tyrone Stephens alleges is true and Detective McDonald lied to Justin Evans while interrogating him, such a statement cannot be the basis of the plaintiff's defamation claim against Detective McDonald.

It is well-settled that a police officer may utilize deception, including telling a lie, in the course of interrogating a suspect. In Frazier v. Cupp, 394 U.S. 731, 739 (1969), the officer was able to extract a confession from the criminal defendant by lying about the strength of the case. During interrogation, the officer lied to the criminal defendant and told him that his cousin, who had confessed to the possession of cocaine with intent to distribute, also implicating the criminal defendant in the crime. The criminal defendant then also confessed to the crime in reliance of the officer's false statement. The Court determined that the criminal defendant's confession was voluntary and the fact that he was given his Miranda rights prior to making the confession was relevant to a finding of waiver and voluntariness. Id. Here, every suspect who the Englewood Detective Defendants interrogated in connection with their investigation into the October 31, 2012 incident at the 7-Eleven was given his Miranda rights by the detectives conducting the interrogation. Justin Evans was given his Miranda rights prior to being interrogated and was only interrogated after he executed the written waiver of his Miranda rights, which he did in the presence of his mother, in whose presence his interrogation was conducted. Plaintiff Tyrone Stephens was also given his Miranda rights. Detective McDonald and Detective Singh only interrogated plaintiff Tyrone Stephens **after** Tyrone Stephens executed a waiver of his Miranda rights. Furthermore, since Tyrone Stephens was seventeen years old, his waiver of his Miranda rights was executed in the presence of his older brother and temporary guardian, Marc Stephens, in whose presence his interrogation was conducted.

Count Six of the Complaint fails as a matter of law.  It is respectfully requested that an

Order granting summary judgment on Count Six in favor of the defendant, City of Englewood,

and the Englewood Detective Defendants, including but not limited to defendant Detective Marc

McDonald, be entered and that Count Six be dismissed with prejudice and in its entirety.

## POINT IV

### PLAINTIFF TYRONE STEPHENS'S CLAIM OF INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS FAILS AS A MATTER OF LAW.  SUMMARY JUDGMENT SHOULD THEREFORE BE ENTERED IN THE CITY'S FAVOR ON COUNT TEN OF THE COMPLAINT

Count Ten of the Complaint purports to set forth a claim against the City of Englewood

as well as against the five detectives from the Englewood Police Department who have been

named as defendants here for the intentional infliction of emotional distress upon the plaintiff,

Tyrone Stephens.  More than a quarter century ago, writing for the Supreme Court of New Jersey

in Buckley v. Trenton Sav. Fund Soc., 111 N.J. 355 (1988), Justice Pollock set forth what a

plaintiff must prove to satisfy the elements of a claim for intentional infliction of emotional

distress (or "outrage" as it is sometimes referred to in our jurisprudence):

> Generally speaking, to establish a claim for intentional infliction of emotional distress, the plaintiff must establish intentional and outrageous conduct by the defendant, proximate cause, and distress that is severe. M. Minzer, Damages in Tort Actions, vol. I, § 6.12 at 6-22 (1987) (Minzer).  Initially, the plaintiff must prove that the defendant acted intentionally or recklessly. For an intentional act to result in liability, the defendant must intend both to do the act and to produce emotional distress. Id. at 6-27. Liability will also attach when the defendant acts recklessly in deliberate disregard of a high degree of probability that emotional distress will follow. Hume, supra, 178 N.J. Super. at 319; Restatement, supra, § 46 comment d; Minzer, supra, § 6.12[1] at 6-28 to 6-29.
>
> Second, the defendant's conduct must be extreme and outrageous. Hume, supra, 178 N.J. Super. at 315; Minzer, supra, § 6.12[2] at 6-22. The conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Restatement, supra, § 46 comment d. Third, the defendant's

actions must have been the proximate cause of the plaintiff's emotional distress. Caputzal v. The Lindsay Co., 48 N.J. 69, 77-78 (1966); Minzer, supra, § 6.12[2] at 6-22. Fourth, the emotional distress suffered by the plaintiff must be "so severe that no reasonable man could be expected to endure it." Restatement, supra, § 46 comment j; Hume, supra, 178 N.J. Super. at 317-19; Minzer, supra, § 6.12[4] at 6-49 to 6-50.

Buckley, 111 N.J. at 366-7.

Justice Pollock continued by observing that, "By circumscribing the cause of action with an elevated threshold for liability and damages, courts have authorized legitimate claims while eliminating those that should not be compensable." Id. at 367. Under New Jersey law, in an Intentional Infliction of Emotional Distress case, the resulting distress must be "so severe that no reasonable man could be expected to endure it." Buckley, 111 N.J. at 366-67 (citing Restatement (Second) of Torts § 46, comment j). It is not sufficient for a party to merely assert that he or she has suffered distress, or even to describe symptoms such as aggravation, headaches, or difficulty sleeping. See Griffin v. Tops Appliance City, Inc., 337 N.J. Super. 15, 26 (App. Div. 2001) (citing Taylor v. Metzger, 152 N.J. 490, 515 (1998)).

It is self-evident, upon examining the non-existent proofs that plaintiff Tyrone Stephens can offer in support of this claim through the prism of what New Jersey law requires him to offer, that his claim for intentional infliction of emotional distress cannot be sustained and that he should not be permitted to present it to a jury:

> In other words, it is not enough to establish that a party is acutely upset by reason of the incident; a plaintiff must show that the claimed emotional distress was sufficiently substantial to result in physical illness or serious psychological sequelae. See Turner v. Wong, 363 N.J. Super. 186 (App. Div. 2003); Lingar v. Live-In Companions, Inc., 300 N.J. Super. 22 (App. Div. 1997)

Sarlo v. Wells Fargo Bank, N.A., 2015 U.S. Dist. LEXIS 36358 at 35-36 (March 24, 2015).

This court's attention is directed further to the well-developed body of case law in New Jersey that has consistently and uniformly held that the types of complaints that plaintiff Tyrone

23

947468-1

Stephens offers here are insufficient to meet a plaintiff's burden of proving the tort of outrage. See, e.g., Harris v. Middlesex Cty. Coll., 353 N.J. Super. 31 (App. Div. 2002) (no evidence of severe emotional distress even though plaintiff was unable to concentrate, cried excessively, and was physically unable to work on doctorate for at least a year because there was no evidence that the distress interfered with day-to-day activities, and no evidence that plaintiff sought counseling or treatment); Lascurain v. City of Newark, 349 N.J. Super. 251 (App. Div. 2002) (declining to find severe emotional distress where plaintiff claimed that she became nauseous and upset, was depressed, had nightmares, and no longer enjoyed her daily activities because, despite physician's diagnosis of depression, there had been no dramatic impact on her everyday activities or her ability to function and she had not sought regular psychiatric counseling); and Aly v. Garcia, 333 N.J. Super. 195 (App. Div. 2000) (finding no severe emotional distress as a matter of law where plaintiffs did not seek medical treatment or counseling and there was no evidence of physical illness).

Here, plaintiff Tyrone Stephens has not only failed to put forth the competent evidence necessary to prevail on this claim at trial but, more importantly, he has failed to put forth the evidence required to permit this claim's presentation to a jury.   The defendants, the City of Englewood and the Englewood Detective Defendants, submit that they are therefore entitled to the relief sought, which is the entry of an Order granting summary judgment on Count Ten of the Complaint and dismissing it in its entirety and with prejudice.

## POINT V

### COUNT ELEVEN OF THE COMPLAINT ("NEGLIGENCE") MUST BE DISMISSED AS IT FAILS TO STATE A CAUSE OF ACTION.

Count Eleven of the Complaint purports to set forth a cause of action for "Negligence". As an initial consideration, one cannot prosecute a cause of action for "negligence".   One can

certainly allege that another acted negligently, such as a defendant who is alleged to have negligently operated his motor vehicle, which caused an accident, or a defendant who is alleged to have negligently failed to clear snow and ice from his property, which caused someone to fall and become injured. However, negligence in and of itself is not a tort.

When one reviews the allegations that comprise Count Eleven one quickly sees that all that plaintiff Tyrone Stephens has done here is reiterated the allegations that serve as the underlying basis of his §1983 claim and his NJCRA claim and attempted to amend or tweak them ever-so-slightly by alleging that the City of Englewood and the Englewood Detective Defendants "negligently" violated his civil rights. Plaintiff does not get to circumvent the burden of proof that he faces on his §1983 claim and his NJCRA claim against the City and against the Englewood Detective defendants by trying to argue in the alternative that the alleged violation of his civil rights was merely negligent.

Here, plaintiff Tyrone Stephens has not only failed to put forth the competent evidence necessary to prevail on either his §1983 claim or his NJCRA claim at trial but, more importantly, he has failed to put forth the evidence required to permit either claim to be presented to a jury. Attempting to couch both claims as "negligence", which he has done in Count Eleven of the Complaint, does not provide substance to his otherwise insubstantial and fatally flawed claims against the City and against the Englewood Detective defendants. Summary judgment on Count Eleven of the Complaint is therefore appropriate, dismissing this count of the Complaint in its entirety, with prejudice, and in favor of all of the Englewood Defendants.

947468-1

<u>POINT VI</u>

## DEFENDANT CITY OF ENGLEWOOD IS ENTITLED TO SUMMARY JUDGMENT ON COUNT FOURTEEN OF THE COMPLAINT AND THE ENTRY OF AN ORDER DISMISSING WITH PREJUDICE THE PLAINTIFF'S CLAIM FOR RELIEF PURSUANT TO THE NEW JERSEY CIVIL RIGHTS ACT

The New Jersey Civil Rights Act (hereinafter "the NJCRA"), which is codified at

<u>N.J.S.A</u>. 10:6-1 et seq. provides that:

> Any person who has been deprived of substantive due process or equal protection rights, privileges or immunities secured by the Constitution or laws of the United States, or any substantive rights, privileges or immunities secured by the Constitution or laws of this State, or whose exercise or enjoyment of those substantive rights, privileges or immunities has been interfered with or attempted to be interfered with by threats, intimidation or coercion by a person acting under color of law, may bring a civil action for damages or for injunctive or other appropriate relief.

<u>N.J.S.A</u>. 10:6-2c.

Our Legislature created the NJCRA, "for the broad purpose of assuring a state law cause

of action for violations of state and federal constitutional rights and to fill in state statutory anti-

discrimination protection." <u>Owens v. Feigin</u>, 194 <u>N.J.</u> 607, 611 (1994).   The NJCRA was

modeled after 42 <u>U.S.C.</u> §1983. <u>Trafton v. City of Woodbury</u>, 799 <u>F.Supp.2d</u> 417, 443 (D.N.J.

2011). In <u>Trafton</u>, United States District Judge Hillman – in explaining the relationship between

§1983 and the NJCRA – provided the following template:

> This district [the District of New Jersey] has repeatedly interpreted NJCRA analogously to §1983. See <u>Chapman v. New Jersey</u>, No. 08-4130, 2009 <u>WL</u> 2634888, *3 (D.N.J. August 25, 2009) ("Courts have repeatedly construed the NJCRA in terms nearly identical to its federal counterpart"); <u>Slinger</u>, 2008 <u>WL</u> 4126181 at *5 (D.N.J. September 4, 2008, <u>rev'd on other grounds</u> 366 <u>Fed. Appx.</u> 357 (3d Cir. 2010) (noting NJCRA's legislative history, this district utilized existing §1983 jurisprudence as guidance for interpreting the statute; <u>Armstrong v. Sherman</u>, No. 09-716, 2010 WL 2483911 at *5 (D.N.J. June 4, 2010) ("The New Jersey Civil Rights Act is a kind of analog to section 1983"). Therefore the Court will analyze Plaintiff's NJCRA claims through the lens of §1983. See <u>Hedges v. Musco</u>, 204 <u>F.3d</u> 109, 121 n. 12 (3d Cir. 2000) (concluding that New

Jersey's constitutional provision concerning unreasonable searches and seizures is interpreted analogously to the Fourth Amendment) (citing Desilets v. Clearview Reg'l Bd. of Educ., 265 N.J. Super. 370 (App. Div. 1993).

Trafton, 799 F.Supp.2d at 443.

In Felicioni v. Admin. Office., 404 N.J. Super. 382 (App. Div. 2008), certif. denied, 203 N.J. 440 (2010) Judge Parrillo writing for a unanimous panel opined that:

> [T]he statute provides a person may bring a civil action under the Act in two circumstances:  (1) when he is deprived of a right, *or* (2) when his rights are interfered with by threats, intimidation, coercion or force....Indeed it makes sense to require as the Legislature evidently did that a plaintiff show "threats, intimidation or coercion" were employed if constitutional rights were merely interfered with or an attempt was made at interfering with them and that no such showing is required where one has been deprived of the right.

Felicioni, 404 N.J. Super. at 400.  Emphasis in original.

Defendants City of Englewood and the Englewood Detective Defendants submit that in view of the analogous relationship between 42 U.S.C. §1983 and the New Jersey Civil Rights Act, the inability to demonstrate "deliberate indifference" on the part of the City's policymakers vitiates plaintiff Tyrone Stephens's NJCRA claim in the same was as it does his §1983 claim and the City therefore relies upon the arguments presented in Point III, above, as if they are set forth at length herein.  Similarly, his failure to move beyond the broad, bald allegations of his complaint and to provide substance to his otherwise insubstantial and fatally flawed claims against the Englewood Detective Defendants has the same effect on his NJCRA claim against these five individuals as it does on his §1983 claims against them.  The defendants, City of Englewood and the Englewood Detective Defendants, respectfully pray for the entry of an Order granting summary judgment on Count Fourteen of the Complaint and dismissing it in its entirety and with prejudice as against them.

27

947468-1

## POINT VII

## COUNT FIFTEEN OF THE COMPLAINT, WHICH ALLEGES A CLAIM UNDER A THEORY OF RESPONDEAT SUPERIOR FAILS AS A MATTER OF LAW AND SHOULD BE DISMISSED WITH PREJUDICE

Plaintiff Tyrone Stephens identifies this action as one, "arising under (1) 42 U.S.C. §1983, (2) the New Jersey Civil Rights Act, N.J.S.A. 10:6-1 et seq., (3) Article I, Paragraphs 1 and 12 of the New Jersey Constitution, and (4) the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution." **Exhibit A at "Introduction".**   It is well-settled that 42 U.S.C. §1983 is an enabling statute that does not create any substantive rights, but provides a remedy for the violation of federal constitutional or statutory rights. Gruenke v. Selp, 225 F.3d 290, 298 (3d Cir. 2000).   42 U.S.C. §1983 provides a civil right of action for a violation of constitutional rights by persons acting under color of state law:

> Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity or other proper proceeding for redress.

Defendant City of Englewood acknowledges that a local government is a "person" for purposes of §1983.  However, a municipality cannot be held liable in a §1983 action for the acts of its employee(s) under the principle of respondeat superior.  Monell v. Dep't of Social Services, 436 U.S. 658, 690-91 (1978); see also, Stomel v. City of Camden, 192 N.J. 137, 145 (2007).  §1983 liability can attach to a public entity **only** where the alleged infringement of rights, "resulted from an official municipal policy or custom." Monell, 436 U.S. at 694; see also, Schneider v. Simonini, 163 N.J. 336, 271 (2000), cert. denied, 531 U.S. 1146 (2001).  (Emphasis added).

28

A municipal policy is established when "a decision maker possessing final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict." Andrews v. City of Philadelphia, 895 F.2d 1469, 1480 (3d Cir. 1990) (quoting Pembaur v. City of Cincinnati, 475 U.S. 469, 481 (1986)). A course of conduct becomes a municipal custom when "though not authorized by law such practices of state officials are so permanent and well-settled as to virtually constitute law." Id. (quoting Monell, 436 U.S. at 690).

Count Fifteen of the Complaint does not allege the existence of any municipal policy or custom. Rather, it simply alleges that, "Under Respondeat Superior, the Defendants City of Englewood and the Englewood Police Department are liable for the acts of, and injury caused by, said officers."[4] **Exhibit A at Count Fifteen, Paragraph 123.** No such cause of action exists in a §1983 matter. Therefore, the defendant City of Englewood is entitled to summary judgment on this count of the Complaint and prays for the entry of an Order dismissing Count Fifteen of the Complaint in its entirety and with prejudice as to the defendant City of Englewood.

Furthermore, Count Fifteen of the Complaint also fails to the extent that it attempts to appropriate the doctrine of respondeat superior to assert a claim against each of the individually-named defendant members of the Englewood Police Department. Throughout the course of pre-trial discovery, the Plaintiff adduced no evidence – and shall not present this court with even a mere scintilla of evidence  - to support the allegations set forth in ¶¶120 through 122 of the Complaint. **Exhibit A at Count Fifteen, Paragraph 120 through Paragraph 122.** First, there is no evidence in this matter to support the threshold allegation of Count Fifteen, which is

---

[4] The Englewood Police Department is not an entity separate from the City of Englewood and is not, therefore, a proper party to this action. See, Padilla v. Township of Cherry Hill, 110 Fed. Appx. 272, 278 (3rd Cir. 2004) ("In § 1983 actions, police departments cannot be sued in conjunction with municipalities, because the police department is merely an administrative arm of the local municipality, and is not a separate judicial entity."); Bonenberger v. Plymouth Township, 132 F.3d 20, 25 n.4 (3rd Cir. 1997) ("[W]e treat the municipality and its police department as a single entity for purposes of section 1983 liability."); Pahle v. Colebrookdale Township, 227 F. Supp. 2d 361, 367 (E.D.Pa. 2002) (police departments cannot be sued in conjunction with municipalities, because the police departments are merely administrative agencies of the municipalities — not separate judicial entities); Irvin v. Borough of Darby, 937 F. Supp. 446, 450 (E.D.Pa. 1996).

947468-1

that Detective McDonald, Detective Singh, Detective Lt. Cubillos, Detective Incle, Jr., and Detective Kinlaw each had the authority to supervise each and every other Detective.

Second, even presuming each had such authority, Count Fifteen seeks to affix liability upon the individual officers based solely upon that alleged supervisory role, which is impermissible in a §1983 action. "It is well recognized that government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." Backes v. First Corr. Med. Inc., 766 F.3d 307, 316 (3d Cir. 2014), quoting, Bistrian v. Levi, 696 F.3d 352, 366 (3d Cir. 2012). Rather, in order to affix liability to a supervisor-defendant in a §1983 action, the United States Court of Appeals for the Third Circuit has identified two way in which a supervisor-defendant may be liable for unconstitutional acts undertaken by subordinates." Backes, 766 F.3d at 316. According to the Backes court, a supervisor-defendant may be liable if he or she, "with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directed caused the constitutional harm." Id. (quoting, A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Ctr., 372 F.3d 572, 586 (3d Cir. 2004)). Also, a supervisor-defendant may be held liable under §1983, "if he or she participated in violating the plaintiff's rights, directed others to violate them, or as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct." Backes, 766 F.3d at 316 (quoting, A.M. ex rel. J.M.K., 372 F.3d at 586).

Count Fifteen of the Complaint does not contain any such allegations against any of the five individually-named members of the Englewood Police Department. It simply alleges that each is liable for his or her failure to intercede in the alleged actions of the others under the theory of respondeat superior. No such cause of action exists in a §1983 matter. Therefore, defendants Detective McDonald, Detective Singh, Detective Lt. Cubillos, Detective Incle, Jr.,

947468-1

and Detective Kinlaw are each entitled to summary judgment on this count of the Complaint and each prays for the entry of an Order dismissing Count Fifteen of the Complaint as against him or her and with prejudice.

### POINT VIII

### CITY OF ENGLEWOOD'S RELIANCE UPON ARGUMENTS MADE BY AND ON BEHALF OF THE ENGLEWOOD DETECTIVE DEFENDANTS IN SUPPORT OF THEIR SUMMARY JUDGMENT MOTION

Discovery in this matter is now closed. Pursuant to the June 4, 2015 Order of Magistrate Falk, the City of Englewood now moves for summary judgment seeking the dismissal with prejudice of the Complaint. In support of the relief it seeks, the defendant City of Englewood respectfully relies upon its submission with supporting documents and it also respectfully relies upon the submission of the Englewood Detective Defendants, which submission while made in support of those defendants' motion, applies to and touches upon plaintiff Tyrone Stephens's claims against the defendant, City of Englewood. To the extent that any and all legal arguments set forth by the Englewood Detective Defendants in their moving papers apply to the defendant City of Englewood, said arguments are incorporated by reference and relied upon by the City of Englewood as if set forth at length in this brief.

947468-1

## CONCLUSION

For all of the reasons set forth herein as well as for all of the reasons advanced by the Englewood Detective Defendants in their papers, which reasons are incorporated by reference and relied upon as if set forth at length herein, the defendant City of Englewood submits that it is entitled to the relief requested. It respectfully prays for the entry of an Order granting summary judgment in its favor and dismissing this action in its entirety and with prejudice.

> Respectfully submitted,
> WEINER LESNIAK LLP
> Attorneys for Defendant,
> City of Englewood
>
> By: _____
>       Adam Kenny
>       Member of the Firm

Dated: August 13, 2015

947468-1