## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARC and TYRONE STEPHENS, | |
| Plaintiffs, | Civil Action No.: 2:14-cv-05362-WJM-MF |
| v. | |
| CITY OF ENGLEWOOD, ENGLEWOOD POLICE DEPARTMENT, DET. MARC MCDONALD, DET. DESMOND SINGH, DET. CLAUDIA CUBILLOS, DET. SANTIAGO INCLE, JR., DET. NATHANIEL KINLAW, Individually and in official capacity, NINA C. REMSON ATTORNEY AT LAW, LLC, and COMET LAW OFFICES, LLC, | *Document Filed Electronically* |
| | **Motion Returnable September 8, 2015** |
| Defendants. | |

### BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON BEHALF OF DEFENDANTS, MCDONALD, SINGH, CUBILLOS, INCLE, JR. AND KINLAW

**Dvorak & Associates, LLC**
390 George Street, 8th Floor
New Brunswick, New Jersey 08901
(732) 317-0130
(732) 317-0140 (FAX)
Attorneys for Defendants, Det. Marc McDonald,
Det. Desmond Singh, Det. Claudia Cubillos, Det.
Santiago Incle, Jr., and Det. Nathaniel Kinlaw

*Of Counsel:*
**LORI A. DVORAK, ESQ.**

*On the Brief:*
**MARC D. MORY, ESQ.**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

PRELIMINARY STATEMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

LEGAL ARGUMENT.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

      POINT I

           PLAINTIFF'S §1983 BASED CLAIMS AGAINST
           DEFENDANTS, MCDONALD, SINGH, CUBILLOS, INCLE,
           JR., AND KINLAW, MUST BE DISMISSED AS A MATTER
           OF LAW AS THERE IS NO LEGAL OR FACTUAL BASIS
           UPON WHICH THESE DEFENDANTS MAY BE FOUND
           LIABLE.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
               A.    False Arrest and False Imprisonment. . . . . . . . . . . . . . 4
               B.    Malicious Prosecution. . . . . . . . . . . . . . . . . . . . . . . . 13
               C.    False Evidence. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

      POINT II

           DEFENDANTS, MCDONALD, SINGH, CUBILLOS, INCLE,
           JR, AND KINLAW, ARE ENTITLED TO QUALIFIED
           IMMUNITY.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

      POINT III

           PLAINTIFF'S CONSPIRACY CLAIMS ARE WITHOUT
           MERIT.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19
               B.    42 U.S.C. §1986. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23
               C.    42 U.S.C. §1983. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

      POINT IV

           THE ENGLEWOOD POLICE DEPARTMENT IS ENTITLED
           TO SUMMARY JUDGMENT AS TO ALL CLAIMS
           BECAUSE IT IS NOT A SEPARATE JURAL OR LEGAL
           ENTITY AND CANNOT SUE OR BE SUED.. . . . . . . . . . . . . . . 26

      POINT V

THE ENGLEWOOD DEFENDANTS ARE ENTITLED TO
SUMMARY JUDGMENT AS TO PLAINTIFF'S CLAIM FOR
PUNITIVE DAMAGES BECAUSE PLAINTIFF HAS
FAILED TO ALLEGE CONDUCT SUFFICIENT ENOUGH
TO SUSTAIN AN AWARD OF PUNITIVE DAMAGES.. . . . . . . 28
     A.   As to the City of Englewood and Englewood Police
         Department. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28
     B.   As to the Individually Named Defendants, McDonald,
         Singh, Cubillos, Incle, Jr., and Kinlaw. . . . . . . . . . . . 29

POINT VI
DEFENDANTS MCDONALD, SINGH, CUBILLOS, INCLE,
JR. AND KINLAW RELY UPON THE ARGUMENTS
SUBMITTED BY THE CITY OF ENGLEWOOD.. . . . . . . . . . . 33

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 34

## TABLE OF AUTHORITIES

**CASES:**

Adickes v. S.H. Kress and Co., 398 U.S. 144 (1970). . . . . . . . . . . . . . . . . . . . . . . 5

Alston v. Parker, 363 F.3d 229, 233-34 n.6 (3d Cir. 2004). . . . . . . . . . . . . . . . . 5

Ammlung v. City of Chester, 494 F.2d 811 (3rd. Cir. 1974) . . . . . . . . . . . . . . . .21

Anderson v. Creighton, 483 U.S. 635 (1987). . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Baker v. McCullan, 443 U.S. 137 (1979). . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 9, 11

Baker v. Monroe Twp., 50 F.3d 1186 (3d. Cir. 1995). . . . . . . . . . . . . . . . . . . . . . 10

Berg v. Reaction Motors Div., 37 N.J. 396 (1962). . . . . . . . . . . . . . . . . . . . . . . . . 31

Bledsoe v. Garcia, 742 F.2d 1237 (10th Cir. 1984). . . . . . . . . . . . . . . . . . . . . . . . 11

Boatner v. Hinds, 137 Fed. Appx. 499 (3d Cir. 2005). . . . . . . . . . . . . . . . . . . . 7, 8

Boneberger v. Plymouth Township, 132 F.3d 20, 25 n.4 (3d Cir. 1997). . . . . . . . 26

Brinegar v. United States, 338 U.S. 160 (1949). . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

Brower v. Cnty. of Inyo, 489 U.S. 593 (1989). . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

Brown v. Reardon, 770 F.2d 896 (10th Cir. 1985). . . . . . . . . . . . . . . . . . . . . 20, 21

C.H. Ex. Rel. Z.H. v. Olivia, 226 F.3d 198 (3d Cir. 2000). . . . . . . . . . . . . . . . . . 9

Carlson v. Green, 446 U.S. 14 (1980). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

Carroll v. United States, 267 U.S. 132 (1925). . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Chapman v. Houston Welfare Rights Organization, 441 U.S. 600 (1979). . . . . . 4

Charter Risk Retention Group Ins. Co. v. Rolka, 796 F. Supp. 154
  (M.D. Pa 1992). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S.
  687 (1999).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

City of Newport v. Fact Concerts, Inc., 453 U.S. 247 (1981). . . . . . . . . . . . . . . 31

Cronin v. W. Whiteland Twp., 994 F. Supp. 595 (E.D. Pa. 1998). . . . . . . . . . . . . 7

Currier v. Baldridge, 914 F.2d 993 (7th Cir. 1990). . . . . . . . . . . . . . . . . . . . . . . 7

Davidson v. O'Lone, 752 F.2d 817 (3d. Cir. 1984). . . . . . . . . . . . . . . . . . . . . . . 11

Del Tufo v. Old Bridge Township, 278 N.J. Super. 312, 316 fn.1
  (App. Div. 1995).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

DiGiovanni v. Pessel, 55 N.J. 188 (1970).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

Dunn v. New Jersey Transit Corp., 681 F. Supp. 246 (D.N.J. 1987) . . . . . . . .21, 22

Earl v. Winne, 14 N.J. 119 (1953).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Egervary v. Young, 366 F.3d 238 (3d Cir. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . 11

Fields v. City of South Houston, Texas, 922 F.2d 1183 (5th Cir. 1991). . . . . . . . . 7

Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009). . . . . . . . . . . . . . . . . . . 5

Gann v. Delaware State Hospital, 543 F. Supp. 268 (D. Del. 1982). . . . . . . . . . . . 6

Garland v. Shapiro, 579 F.Supp. 858 (E.D.Mich.1984) . . . . . . . . . . . . . . . . . . . .24

Gerstein v. Pugh, 420 U.S. 103 (1975). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Gittlemacker v. Prasse, 428 F.2d 1 (3d Cir. 1970). . . . . . . . . . . . . . . . . . . . . . . . . 10

Graham v. Connor, 490 U.S. 386 (1989). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 6

Great Am. Fed. Sav. & Loan Ass'n v. Novotny, 442 U.S. 366 (1979). . . . . . . . . .21

Grier v. Galinac, 745 F.Supp. 1058 (M.D. Pa. 1990). . . . . . . . . . . . . . . . . . . . . . 11

Griffin v. Breckenridge, 403 U.S. 88 (1971). . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

Groman v. Manalapan, 47 F.3d 628 (3d Cir.1995). . . . . . . . . . . . . . . . . . . . . . . . 9

Hafer v. Melo, 502 U.S. 21 (1991). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

Hardmon v. County of Lehigh, 613 F.Supp. 649 (E.D. Pa 1985). . . . . . . . . . . . . 22

Harlow v. Fitzgerald, 457 U.S. 800 (1982). . . . . . . . . . . . . . . . . . . . . . . . . . . 15, 17

Hauptmann v. Wilentz, 570 F.Supp. 351(D.N.J. 1983). . . . . . . . . . . . . . . . . . . . 21

Hector v. Watt, 235 F.3d 154 (3d Cir. 2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Henderson v. Hendricks, 2005 WL 3406434 (D.N.J. Dec. 13, 2005). . . . . . . . . . 25

Hunter v. Bryant, 502 U.S. 224 (1991). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15, 16

Illinois v. Gates, 462 U.S. 213 (1983). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

In re Tower Air, Inc., 416 F.3d 229 (3d Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . 5

Johnson v. City of St. Paul, 634 F.2d 1146 (8th Cir. 1980). . . . . . . . . . . . . . . . . 11

Kirk v. County of Newark, 109 N.J. 173 (1988) . . . . . . . . . . . . . . . . . . . . . . . . .16

L.S. v. Mount Olive Bd. of Educ., 765 F. Supp. 2d 648 (D.N.J. 2011). . . . . . . . . . 5

Lake v. Arnold, 112 F.3d 682 (3d Cir.1997). . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

Lakutis v. Greenwood, 9 N.J. 101 (1952). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Larsen v. Township of Branchburg, 2007 WL 135706, *1 fn.1

(App. Div. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

Lenard v. Argento, 699 F.2d 882 (7th Cir.), *cert. den.* 464 U.S. 815 (1983) . . . . 21

Longoria v. New Jersey, 168 F. Supp. 2d 308 (D.N.J. 2001). . . . . . . . . . . . . . . . 10

Malley v. Briggs, 475 U.S. 335 (1986). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .16

Mann v. Cannon, 731 F.2d 54 (1st Cir. 1984). . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Marx v. Gumbinner, 905 F.2d 1503 (11th Cir. 1990).. . . . . . . . . . . . . . . . . . . . . . 7

Mellott v. Heemer, 161 F.3d 117 (3d Cir. 1998). . . . . . . . . . . . . . . . . . . . . . . . . . 6

Merkle v. Upper Dublin Sch. Dist., 211 F.3d 782 (3d Cir. 2000). . . . . . . . . . . . 13

Michael v. State, 955 F. Supp. 315, 317, n.1 (D.N.J. 1996). . . . . . . . . . . . . . . . . 26

Mitchell v. Forsyth, 472 U.S. 511 (1985). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Monell v. New York City Dept. of Soc. Servs. 436 U.S. 658 (1978). . . . . . . . . . 29

Morgan v. District of Columbia, 550 F. Supp. 465 (D.D.C. 1982). . . . . . . . . . . . 21

Morgan v. Union County Board of Chosen Freeholders, 268 N.J.Super.
    337 (App. Div. 1993), *certif. denied*, 135 N.J. 468 (1998). . . . . . . . . . . . . . . . 31

Newport v. Facts Concerts Inc., 453 U.S. 247 (1981). . . . . . . . . . . . . . . . . . . . . . 28

O'Connor v. Harms, 111 N.J. Super. 22 (App. Div.),
    *certif. den.*, 57 N.J. 137 (1970). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .28

Paff v. Kaltenbach, 204 F.3d 425 (3rd Cir. 2000). . . . . . . . . . . . . . . . . . . . . . . . . 7

Pearson v. Callahan, 555 U.S. 223 (2008). . . . . . . . . . . . . . . . . . . . . . . . . . . 15, 16

Piecknick v. Pennsylvania, 36 F.3d 1250 (3d. Cir. 1994). . . . . . . . . . . . . . . . . . . 5

Pierson v. Ray, 386 U.S. 547 (1967). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .15, 17

Popow v. City of Margate, 476 F.Supp. 1237 (D.N.J. 1979). . . . . . . . . . . . . . . . 4

Powell v. Pennsylvania Hous. Fin. Agency, 563 F. Supp. 419
   (M.D. Pa. 1983). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

Powell v. Ridge, 189 F.3d 387 (3d. Cir. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Powers v. Karen, 768 F.Supp. 46, *aff'd* 963 F.2d. 1522 (E.D.N.Y.1991). . . . . . . 24

Rappa v. Hollins, 991 F.Supp. 367 (D.Del. 1997). . . . . . . . . . . . . . . . . . . . . . . . 16

Robinson v. McCorkle, 469 F.2d 111 (3rd Cir. 1972),
   *cert. den.* 409 U.S. 1042 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

Rose v. Bartle, 871 F.2d. 331 (3rd Cir. 1989).. . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Ryan v. Burlington County, 889 F.2d 1286 (3d Cir. 1989). . . . . . . . . . . . . . . .16,18

Sanducci v. City of Hoboken, 315 N.J. Super. 475 (App. Div. 1998). . . . . . . . . . 9

Scantling v. Vaughn, 2004 WL 306126, at *9(E.D. Pa. 2004).. . . . . . . . . . . . . . 10

Scott v. Rosenberg, 702 F.2d 1263 (9th Cir.1983). . . . . . . . . . . . . . . . . . . . . . . . 21

Seigert v. Gilley, 500 U.S. 226 (1991). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Shipman v. South Brunswick Township, 2010 WL 1372297 at *3
   (D.C. N.J. March 31, 2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Smith v. Bucci Det. Agency, 316 F. Supp. 1284 (W.D. Pa. 1970). . . . . . . . . . . . 22

Smith v. Wade, 461 U.S. 30 (1983). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29, 31

Snowden v. Hughes, 321 U.S. 1 (1944). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

State v. Cooper, 151 N.J. 326 (1997). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

State v. Patton, 362 N.J. Super. 16 (App. Div. 2003). . . . . . . . . . . . . . . . . . . . . . . . 25

Tennessee v. Garner, 471 U.S. 1 (1985). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Thomas v. Kipperman, 846 F.2d 1009 (5th Cir. 1988). . . . . . . . . . . . . . . . . . . . . . . 11

Trafton v. City of Woodbury, 799 F. Supp. 2d 417 (D.N.J. 2011). . . . . . . . . . . . . 11

U.S. ex. rel. Kern v. Maroney, 275 F. Supp. 435 (W.D. Pa. 1967). . . . . . . . . . . . .25

United Brotherhood of Carpenters and Joiners of America, Local 610
  v. Scott, 463 U.S. 825 (1983). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .20, 22

United States v. Cruz, 910 F.2d 1072 (3d Cir. 1990). . . . . . . . . . . . . . . . . . . . . . . . 7

United States v. Sharpe, 470 U.S. 675 (1985). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Urbano v. McCorkle, 334 F. Supp. 161 (D.N.J. 1971) *supplemented*,
  346 F. Supp. 51 (D.N.J. 1972) *aff'd*, 481 F.2d 1400 (3d Cir. 1973). . . . . . . . . 30

Ware v. Reed, 700 F.2d 345 (5th Cir. 1983). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

## U.S. CONSTITUTION:

Fourth Amendment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6

## STATUTES:

42 U.S.C. §1983. . . . . . . . . . . . . -3--5-, -7-, -9--11-, -13-, -18-, -19-, -21-, -28--31-

42 U.S.C. §1985. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -19-, -22-

42 U.S.C. §1985(3). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -19--22-

42 U.S.C. §1986. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -19-, -23-, -24-

N.J.S.A. 10:6-1. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -30-

N.J.S.A. 59:9-2(c). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -28-

**RULES:**

Fed. R. Civ. P.  8(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -5-

## PRELIMINARY STATEMENT

This matter arises out of an incident that occurred shortly after Hurricane Sandy, and on Halloween 2012, when three individuals were beaten during an attempted robbery outside the 7-Eleven in Englewood, New Jersey.  During the course of the investigation into same, by members of the Englewood Police Department, plaintiff Tyrone Stephens was identified as one of the assailants, and arrested along with several other individuals, all of whom were minors.

After the investigation and arrests were concluded, the matter was turned over to the Bergen County Prosecutor's Office, which handled the prosecution in both the Family Court and Criminal Court, after plaintiff and a co-defendant, Justin Evans were waived up.  During the pendency of the case, the Court found probable cause for all of the charges against Tyrone Stephens on more than one occasion.  After more than a year with the file, the Prosecutor's Office ultimately dropped the charges against Tyrone Stephens, after Evans' entered a guilty plea and exonerated Stephens, whom he had previously implicated.

Now, *pro se* plaintiff, Tyrone Stephens is suing the City of Englewood and several of its detectives (McDonald, Singh, Kinlaw, Cubillos, and Incle, Jr.) claiming false arrest and other related charges.  His brother, *pro se* plaintiff Marc Stephens is also a plaintiff in this case, but asserts no causes of actions against the various Englewood Defendants.  He is a plaintiff, along with Tyrone, regarding claims against

Tyrone's criminal defense attorneys: Nina Remson Attorney at Law, LLC (regarding its representation of Tyrone for matters previous to and unrelated to the 7-Eleven incident) and Comet Law Offices, LLC (regarding its representation of Tyrone as related to the 7-Eleven incident).

For the reasons set forth more fully herein, as well as the brief submitted on behalf of the City of Englewood, defendants McDonald, Singh, Kinlaw, Cubillos and Incle, Jr. are entitled to summary judgment as a matter of law.

## LEGAL ARGUMENT[1]

## POINT I

## PLAINTIFF'S §1983 BASED CLAIMS AGAINST DEFENDANTS, MCDONALD, SINGH, CUBILLOS, INCLE, JR., AND KINLAW, MUST BE DISMISSED AS A MATTER OF LAW AS THERE IS NO LEGAL OR FACTUAL BASIS UPON WHICH THESE DEFENDANTS MAY BE FOUND LIABLE.

In Counts One, Three, Four, Five, Eight, and Nine of the Complaint, plaintiff, Tyrone Stephens alleges civil rights violations against the individually named defendants, McDonald, Singh, Cubillos, Incle, Jr., and Kinlaw ("the Englewood Detective Defendants"), under 42 U.S.C. §1983.  Specifically, plaintiff alleges false arrest (Count One), false imprisonment (Count Nine), malicious prosecution (Count Eight) and three separate counts alleging "false evidence" (Counts Three, Four, and Five).  Plaintiff relies only upon broad allegations to support his claim and there is no evidence in the record before this Court  that would sustain same against the Englewood Detective Defendants or the City of Englewood.  Indeed, some of the Englewood Detective Defendants had no involvement in plaintiff's arrest, imprisonment or prosecution.  As set forth more fully herein, Counts One, Three, Four, Five, Eight, and Nine of plaintiff's Complaint must be dismissed.

---

[1]  The individual Englewood Detective Defendants rely upon the Procedural History and Standard of Review as submitted by the City of Englewood in support of its Motion for Summary Judgment.  The Statement of Facts in support of these Defendants' Motion is submitted as a separate document which was filed with this Brief.

**A.**     **False Arrest and False Imprisonment**

42 U.S.C. §1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. For the purposes of this section, any act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

The purpose of §1983 was to provide a remedy for State action aimed at depriving persons of rights protected by the Constitution and Federal Laws. Popow v. City of Margate, 476 F.Supp. 1237, 1243 (D.N.J. 1979). However, a §1983 claim is not itself a source of substantive rights, but rather a method for vindicating federal rights. Baker v. McCullan, 443 U.S. 137 (1979). Clearly, §1983 "provides a method for vindicating Federal rights conferred elsewhere." Graham v. Connor, 490 U.S. 386, 394 (1989) (citations omitted). Thus, there can be no such thing as a violation of, or conduct prohibited by §1983. "One cannot go into court and claim a 'violation of §1983 -- for §1983, by itself, does not protect anyone from anything." Chapman v. Houston Welfare Rights Organization, 441 U.S. 600, 617 (1979); Baker, 443 U.S. at 144-45, n.3.

For a plaintiff to prevail against an individually named defendant under a

-4-

§1983 claim, the plaintiff must establish each of the following elements:  1) that the

conduct complained of was committed by a person acting under the color of state law;

2) that this conduct deprived the plaintiff of rights, privileges, or immunities secured

by the  Constitution or laws of the United States; and 3) that the defendant's acts were

the proximate cause of the injuries and consequent damages sustained by the plaintiff.

See Adickes v. S.H. Kress and Co., 398 U.S. 144 (1970); Powell v. Ridge, 189 F.3d

387, 400 (3d. Cir. 1999) (*overruled on other grounds by* Fowler v. UPMC Shadyside,

578 F.3d 203 (3d Cir. 2009)); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d.

Cir. 1994); L.S. v. Mount Olive Bd. of Educ., 765 F. Supp. 2d 648, 656 (D.N.J.

2011).

A civil rights complaint under 42 U.S.C. §1983, must meet the requirements

of Fed. R. Civ. P.  8(a) and "make out a showing upon which relief can be granted."

See Alston v. Parker, 363 F.3d 229, 233-34 n.6 (3d Cir. 2004). Indeed, a plaintiff

must allege those "supporting facts" which are "necessary to provide the defendant

fair notice of the plaintiff's claims and the grounds upon which it rests." In re Tower

Air, Inc., 416 F.3d 229, 237 (3d Cir. 2005).  The Third Circuit explained:

> A plaintiff should plead basic facts, such as they are, for
> those are the grounds upon which the plaintiff's claim rests.
> Even at the pleading stage, a defendant deserves fair notice
> of the general factual background for the plaintiff's claim.

Id. Accordingly, the Complaint must specify the offending conduct, when and where

that conduct occurred, and who was responsible.  See Charter Risk Retention Group Ins. Co. v. Rolka, 796 F. Supp. 154, 159 (M.D. Pa 1992).  Vague allegations of harm, without more, are insufficient to support a colorable cause of action and such a complaint is subject to dismissal.  See Gann v. Delaware State Hospital, 543 F. Supp. 268, 274 (D. Del. 1982).

Regarding an arrest, the Fourth Amendment of the United States Constitution provides:

> [t]he right of people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation and particularly describing the place to be searched, and the persons or things to be seized.

To establish that defendant's conduct deprived plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States, plaintiff must first prove that they were "seized" within the meaning of the Fourth Amendment. Graham v. O'Connor, 490 U.S. at 394; Tennessee v. Garner, 471 U.S. 1, 7-8 (1985); Mellott v. Heemer, 161 F.3d 117, 124 (3d Cir. 1998).

While an arrest without probable cause may violate the Fourth Amendment; conversely, if individual police officers have probable cause for an arrest, there has been no constitutional violation.  See Ware v. Reed, 700 F.2d 345 (5th Cir. 1983); see also Brower v. Cnty. of Inyo, 489 U.S. 593, 599 (1989) (holding that a seizure alone

is not enough for §1983 liability; the seizure must also be unreasonable); <u>Fields v.</u> <u>City of South Houston, Texas</u>, 922 <u>F.2d</u> 1183 (5th Cir. 1991); <u>Currier v. Baldridge</u>, 914 <u>F.2d</u> 993 (7th Cir. 1990); <u>Marx v. Gumbinner</u>, 905 <u>F.2d</u> 1503 (11th Cir. 1990); <u>Mann v. Cannon</u>, 731 <u>F.2d</u> 54 (1st Cir. 1984). This holds true even if the charges are later dismissed or the arrestee later acquitted. <u>Brower</u>, 489 <u>U.S.</u> at 599.

"Probable cause exists where 'the facts and circumstances within . . . [the police officers'] knowledge and of which they had reasonably trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed." <u>Brinegar v. United States</u>, 338 <u>U.S.</u> 160, 175-76 (1949) (*quoting* <u>Carroll v. United States</u>, 267 <u>U.S.</u> 132, 162 (1925)); <u>see</u> <u>also</u> <u>United States v. Cruz</u>, 910 <u>F.2d</u> 1072, 1076 (3d Cir. 1990). A "common sense approach [must be taken] to the issue of probable cause." <u>Paff v.</u> <u>Kaltenbach</u>, 204 <u>F.3d</u> 425,436 (3rd Cir. 2000); <u>Cronin v. W. Whiteland Twp.</u>, 994 <u>F.</u> <u>Supp.</u> 595, 600 (E.D. Pa. 1998). "Probable cause is determined by the totality of the circumstances," <u>Boatner v. Hinds</u>, 137 <u>Fed. Appx.</u> 499 (3d Cir. 2005)(*citing* <u>Illinois</u> <u>v. Gates</u>, 462 <u>U.S.</u> 213, 233 (1983)), as those circumstances are "understood by those versed in the field of law enforcement." <u>Gates</u>, 462 <u>U.S.</u> at 231-32; <u>see</u> <u>also</u> <u>Paff</u>, 204 <u>F.3d</u> at 436. Probable cause has been liberally defined as "a fluid concept turning on the assessment of probabilities in particular factual context not readily, or even usually, reduced to a neat set of legal rules." <u>Gates</u>, 462 <u>U.S.</u> at 232.

While probable cause to arrest requires more than mere suspicion, the law recognizes that probable cause determinations have to be made "on the spot" under pressure and does "not require the fine resolution of conflicting evidence that a reasonable doubt or even a preponderance standard demands." Gerstein v. Pugh, 420 U.S. 103, 121 (1975).  The Supreme Court further noted that "[p]erhaps the central teaching of our decisions bearing on the probable cause standard is that it is a 'practical, nontechnical conception.'" Brinegar, 338 U.S. at 176 (1949).  "In dealing with probable cause, ... as the very name implies, we deal with probabilities.  These are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act." Id. at 175.  Furthermore, the determination of probable cause:

> does not deal with hard certainties, but with probabilities.  Long before the law of probabilities was articulated as such, practical people formulated certain common-sense conclusions about human behavior; jurors as fact finders are permitted to do the same-and so are law enforcement officers. Finally, the evidence thus collected must be seen and weighed not in terms of library analysis by scholars, but as understood by those versed in the field of law enforcement.

Gates, 462 U.S. at 231-32.

While determining probable cause is essential in a false arrest claim, it is also important when evaluating false imprisonment claims.  Where "the police lack probable cause to make an arrest, the arrestee has a claim under §1983 for false

imprisonment based on a detention pursuant to that arrest." <u>Groman v. Manalapan</u>, 47 <u>F.3d</u> 628, 636 (3d Cir.1995).  While a false imprisonment claim under 42 <u>U.S.C.</u> §1983 is grounded in the "Fourteenth Amendment's protection against deprivations of liberty without due process of law," <u>Baker v. McCollan</u>, 443 <u>U.S.</u> 137, 142 (1979), the claim is derivative of a Fourth Amendment violation for arrest without probable cause. <u>See</u> <u>Groman</u>, 47 <u>F.3d</u> 628, 636 (3d Cir.1995).  As such, an "an arrest based on probable cause could not become the source of a [§1983] claim for false imprisonment." <u>Id.</u>

A public officer, such as a police officer, may be held liable for false imprisonment "where he has acted outside his authority." <u>Lakutis v. Greenwood</u>, 9 <u>N.J.</u> 101, 106 (1952). False imprisonment is the "unlawful restraint upon a [person's] freedom of locomotion." <u>Earl v. Winne</u>, 14 <u>N.J.</u> 119, 128 (1953). "Detention, which may be otherwise lawful in its inception, becomes unlawful when it exceeds that which is appropriate for the circumstances." <u>Sanducci v. City of Hoboken</u>, 315 <u>N.J.</u> <u>Super.</u> 475, 486 (App. Div. 1998).

To assert a §1983 claim against a defendant, that defendant must have personally participated in the alleged improper conduct.  "It is, of course, well established that a defendant in a civil rights case cannot be held responsible for a constitutional violation which he or she neither participated nor approved." <u>C.H. Ex. Rel. Z.H. v. Olivia</u>, 226 <u>F.3d</u> 198, 201 (3d Cir. 2000).  Furthermore, to state a claim

-9-

under 42 U.S.C. §1983, a plaintiff must allege a deprivation of a right secured by the Constitution and laws of the United States resulting from the conduct of a person acting under color of state law.  A plaintiff must allege that the defendant had some personal involvement in the alleged constitutional deprivation.  Id.  The Court of Appeals for the Third Circuit has stated with regard to §1983:

> It is clear from the statute's express language that, unlike federal habeas corpus in this respect, a civil rights complaint must portray specific conduct by state officials which violates some constitutional right of the complainant in order to state a claim for relief.

Gittlemacker v. Prasse, 428 F.2d 1 (3d Cir. 1970).

In Baker v. Monroe Twp., 50 F.3d 1186, 1190-91 (3d. Cir. 1995), the Third Circuit explained that in "order to render [defendant] personally liable under section 1983, [plaintiffs] must show that he participated in violating their rights, or that he directed others to violate them, or that he, as the person in charge of the raid, had knowledge of and acquiesced in his subordinates' violations."  "Personal knowledge can be shown through allegations of personal direction or of actual knowledge and acquiescence."  Longoria v. New Jersey, 168 F. Supp. 2d 308, 317 (D.N.J. 2001).  Further, the "misconduct of the subordinate must be affirmatively linked to the action or inaction of the supervisor."  Scantling v. Vaughn, 2004 WL 306126, at *9(E.D. Pa. 2004) (citation omitted).

Moreover, torts like assault, battery, false arrest and false imprisonment are not

constitutionally protected against at low levels and are only protected when actions are excessive and disproportionate.  Baker v. McCullan, 443 U.S. 137 (1979); Thomas v. Kipperman, 846 F.2d 1009 (5th Cir. 1988); Bledsoe v. Garcia, 742 F.2d 1237 (10th Cir. 1984); Davidson v. O'Lone, 752 F.2d 817, 825 (3d. Cir. 1984).  As the Supreme Court noted in United States v. Sharpe, 470 U.S. 675, 682 (1985), the Fourth Amendment is not "a guarantee against all searches and seizures, but only against unreasonable searches and seizures."  Indeed, not every detention rises to the level of a Constitutional violation and a minor loss of freedom is insufficient to support a claim alleging a Constitutional violation.  See Johnson v. City of St. Paul, 634 F.2d 1146 (8th Cir. 1980); Grier v. Galinac, 745 F.Supp. 1058 (M.D. Pa. 1990).

Finally, with any §1983 claim, a Plaintiff must establish proximate cause, by a preponderance of the evidence.  Hector v. Watt, 235 F.3d 154, 162 (3d Cir. 2000); Trafton v. City of Woodbury, 799 F. Supp. 2d 417, 430 (D.N.J. 2011); Shipman v. South Brunswick Township, 2010 WL 1372297 at *3 (D.C. N.J. March 31, 2010) (citations omitted).  Proximate cause means that there must be sufficient causal connection between the act or omission of a defendant and any injury sustained by the plaintiff.  An act or omission is a proximate cause if it was a "substantial factor" in bringing about or actually causing injury, that is, if the injury or damage was a reasonably foreseeable consequence of the defendant's act or omission.  Egervary v. Young, 366 F.3d 238, 246 (3d Cir. 2004).

In the instant case, the undisputed facts show that there was probable cause for plaintiff's arrest based upon the investigation conducted by the Englewood Police Department. Det. McDonald, along with the other defendants, conducted an exhaustive investigation, interviewing the victims, witnesses, and other individuals, including Tyrone Stephens, who was identified as being present at the time of the 7-Eleven incident on Halloween Night 2012. Although Tyrone denied any involvement, as many potential suspects do, Det. McDonald had a good faith basis to arrest him based on the investigation, including, but not limited to, the identification provided by the witness N. Cortes, the statements and identification made by co-defendant, Justin Evans, the report of Det. Kinlaw; and the inconsistencies proffered by Tyrone over his "alibi." Based on the above information, Det. McDonald reasonably believed, as would any reasonable police officer, that Tyrone had committed the crimes with which he was charged.

Further, after reviewing documents provided by the Englewood Police Department, and conducting several hearings during which the Bergen County Prosecutor's Office and Tyrone's attorney, Jordan Comet, Esq., both presented evidence, the Court still found that there was probable cause for the charges against Tyrone Stephens and waived him up to Criminal Court. This was even after Tyrone's attorney cross-examined Det. McDonald, offered an alibi witness in Tyrone Roy, and presented evidence seeking to attack McDonald and the identification by Natalia

Cortes. These facts clearly demonstrate that there was probable cause to arrest

Tyrone Stephens. Accordingly, his false arrest and false imprisonment claims are

without merit and should be dismissed.

## B.   Malicious Prosecution

A claim of malicious prosecution under 42 U.S.C. §1983 is defined as follows:

> A civil action for § 1983 malicious prosecution requires
> that: (1) the defendant initiate a criminal proceeding; (2)
> which ends in plaintiff's favor; (3) which was initiated
> without probable cause; and (4) the defendant acts
> maliciously or for a purpose other than bringing the
> defendant [sic] to justice.

Rose v. Bartle, 871 F.2d. 331 (3rd Cir. 1989); see also Merkle v. Upper Dublin Sch.

Dist., 211 F.3d 782, 786 (3d Cir. 2000).

Here, the undisputed factual evidence shows that such a cause of action is not

sustainable. Initially, the Bergen County Prosecutor's Office conducted the criminal

proceedings against Tyrone Stephens after his arrest and, of the defendants, only Det.

McDonald, as the primary detective during the investigation, testified during the

pendency of the charges. None of the other individual Englewood Detective

Defendants testified at or participated in same. Moreover, as set forth above, since

the actions taken against Tyrone Stephens were based upon probable cause, plaintiff's

claim must fail. Indeed, the actions taken by any of the Englewood Detective

Defendants, as related to plaintiff, were based upon on an exhaustive investigation,

including, but not limited to, the identification provided by the witness N. Cortes, the statements and identification made by co-defendant, Justin Evans, the report of Det. Kinlaw; and the inconsistencies proffered by Tyrone over his "alibi."

Finally, there is no evidence in the record upon which one could even insinuate that any of the Englewood Detective Defendants acted with malice or for a purpose other than to bring plaintiff, and others, to justice regarding the 7-Eleven incident.

Accordingly, plaintiff's malicious prosecution claim is without merit and should be dismissed.

## C.   False Evidence

A review of case law revealed no specific civil rights cause of action for "false evidence."  To the extent plaintiff is alleging the falsification of evidence, which is wholly denied by defendants, such claims would be subsumed by those regarding the causes of action of false arrest and/or malicious prosecution.  Accordingly, and for the reasons set forth previously, plaintiff's "false evidence" causes of action must fail as a matter of law and the Englewood Defendants are entitled to summary judgment regarding same.

## POINT II

## DEFENDANTS, MCDONALD, SINGH, CUBILLOS, INCLE, JR, AND KINLAW, ARE ENTITLED TO QUALIFIED IMMUNITY.

Qualified immunity has been recognized as a vehicle to defeat a claim against a law enforcement officer resulting from an alleged deprivation of a constitutional right.  See Pierson v. Ray, 386 U.S. 547, 554 (1967).  The Supreme Court held that "immunity ordinarily should be decided by the Court."  Hunter v. Bryant, 502 U.S. 224, 228 (1991) (citations omitted).

It has been long established that police officers are protected by qualified immunity so long as their allegedly unlawful acts were objectively reasonable.  See Pearson v. Callahan, 555 U.S. 223, 233-34 (2008); Harlow v. Fitzgerald, 457 U.S. 800, 819 (1982).  Qualified immunity is "an entitlement not to stand trial or face the other burdens of litigation." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985).  Qualified immunity is "an immunity from suit rather than a mere defense to liability." Id. Moreover, qualified immunity, like absolute immunity, "is effectively lost if a case is erroneously permitted to go to trial." Id.

The purpose for qualified immunity is to:

> [permit] courts [to] expeditiously . . . weed out suits, which fail the test without requiring a defendant who rightly claims qualified immunity to engage in expensive and time consuming preparation to defend the suit on its merits. One of the purposes of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but

> unwarranted demands customarily imposed upon those
> defending a long drawn out lawsuit.

Seigert v. Gillev, 500 U.S. 226, 232 (1991).  Qualified immunity protects all but the

plainly incompetent who knowingly violate the law.  Malley v. Briggs, 475 U.S. 335,

341 (1986). Accordingly, the Supreme Court has "repeatedly stressed the importance

of resolving immunity questions at the earliest possible stage in litigation."  Hunter,

502 U.S. at 227.

If a public official could have reasonably believed that his or her acts were

lawful under the then-established law and current information, that official would be

entitled to qualified immunity from liability.  Ryan v. Burlington County, 889 F.2d

1286, 1292 (3d Cir. 1989); see also Pearson, 555 U.S. at 233-34; Harlow, 457 U.S.

at 815-18; Kirk v. County of Newark, 109 N.J. 173, 184 (1988).  When considering

whether an alleged right is "clearly established," the Court must bear in mind that

"defendants are neither constitutional lawyers nor federal judges."  Rappa v. Hollins,

991 F.Supp. 367, 382 (D.Del. 1997).  Moreover, government officials who perform

discretionary functions have qualified immunity which shield them from liability for

civil damages if "their conduct does not violate clearly established statutory or

constitutional rights of which a reasonable person would have known."  See Harlow

457 U.S. at 818; Pearson, 555 U.S. at 233-34.

The Supreme Court has also "recognized that it is inevitable that law

enforcement officials will in some cases reasonably but mistakenly conclude that probable cause is present, and we have indicated that in such cases those officials-like other officials who act in ways they reasonably believe to be lawful-should not be held personally liable." Anderson v. Creighton, 483 U.S. 635, 641 (1987) (citations omitted).  It is clear that without this protection from the type of second-guessing presented by plaintiff's allegations, no responsible law enforcement officer would be able to do his or her job with a clear mind.  In this environment, the disruption the Supreme Court sought to preclude with its ruling in Harlow would be a common occurrence.  Harlow, 457 U.S. at 818.

Police Officers need the assurance that actions taken in good faith, in fulfillment of their responsibilities, and within the bounds of reason under all circumstances, will not be punished, and they need not exercise their discretion with undue timidity.  See Pierson v. Ray, 386 U.S. 547 (1967). Such assurance can not be given if there is undue exposure to frivolous suits.  The Third Circuit in Ryan v. Burlington County, 889 F.2d 1286, 1292 (3d Cir. 1989), relied upon the United States Supreme Court's analysis and application of the qualified immunity defense as set forth in Harlow, and Anderson, when it held that the defense of qualified immunity

> balances the interests in allowing public officials to perform their discretionary functions without fear of a suit against the public's interest in vindicating important federal rights, (citation omitted), . . . [and thus,] objective reasonableness of an official's conduct, as measured by

> reference to clearly established law, should avoid excessive
> disruption of government and permit the resolution of
> many insubstantial claims on summary judgment.

889 F.2d at 1292(citation omitted).

As set forth above, it is respectfully submitted that Defendants' action were objectively reasonable since they were based on observations and information provided during the investigation. Over the course of approximately one month, the Englewood Detective Defendants conducted witness/victim interviews and interrogations as they sought to determine who was involved in the 7-Eleven Incident. Whether it was simply participating in a single interview, or conducting multiple interviews and arrests, all of the actions taken by these Defendants were objectively reasonable. Therefore, the Englewood Detective Defendants are entitled to qualified immunity and a dismissal of the §1983 claims with prejudice.

## POINT III

## PLAINTIFF'S CONSPIRACY CLAIMS ARE WITHOUT MERIT.

In his Complaint, plaintiff, Tyrone Stephens references a conspiracy by the Englewood Defendants with regard to an unsupported allegation of falsifying evidence and/or making false statements about plaintiff.

Generally, conspiracy claims are asserted under 42 U.S.C. §1985 or §1986, however, plaintiff herein asserts same under §1983.  Regardless of the method he seeks to use, plaintiff's conspiracy claim is without merit.

**A.**    **42 U.S.C. §1985**

Plaintiff's purported conspiracy claims should be confined to the strictures of 42 U.S.C. §1985, and more specifically, 42 U.S.C. §1985(3), which appears to be the most applicable of the three conspiracy sections in the Statute.  In relevant part, 42 U.S.C. §1985(3) provides:

> (3) Depriving persons of rights or privileges
> If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws;  or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws;  or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a

-19-

> legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy;  in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

In order to state a claim under 42 U.S.C. §1985(3), plaintiff must allege:

> (1) a conspiracy; (2) motivated by a racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons to the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States.

Lake v. Arnold, 112 F.3d 682, 685 (3d Cir.1997) (*citing* Griffin v. Breckenridge, 403 U.S. 88, 102 (1971)); see also United Brotherhood of Carpenters and Joiners of America, Local 610 v. Scott, 463 U.S. 825, 828-29 (1983). Section 1985(3) actions are limited to conspiracies predicated on "racial, or perhaps otherwise class based, invidiously discriminatory animus." Lake, 112 F.3d at 685 (*quoting* Griffin, 403 U.S. at 102).  If the conspiracy only affects the plaintiff individually, the allegations will not satisfy the class-based animus requirement. See e.g., Brown v. Reardon, 770 F.2d

896, 905-07 (10th Cir. 1985); Hauptmann v. Wilentz, 570 F.Supp. 351, 386 (D.N.J. 1983) (*citing* Scott v. Rosenberg, 702 F.2d 1263, 1270 (9th Cir.1983)).

Similar to §1983, §1985(3) is not a source of substantive rights, but rather is a mechanism for vindicating federal rights and privileges which are defined elsewhere. Id. (*citing* Great Am. Fed. Sav. & Loan Ass'n v. Novotny, 442 U.S. 366 (1979)). The essential element of conspiracy requires the Plaintiff to show that two or more persons conspired to do an unlawful act or to do a lawful act by unlawful means or for an unlawful purpose. Ammlung v. City of Chester, 494 F.2d 811, 814 (3rd. Cir. 1974). To demonstrate the existence of a conspiratorial agreement, the Plaintiff must show that there was a single plan, the essential nature and general scope of which was known to each person. Lenard v. Argento, 699 F.2d 882, 883 (7th Cir.), *cert. den.* 464 U.S. 815 (1983). The Plaintiff must prove that defendants manifested the specific intent to agree to participate in a concerted effort to deprive him of his civil rights -- without allegations of an original agreement, however tacit, there can be no conspiracy. Morgan v. District of Columbia, 550 F. Supp. 465, 469-70 (D.D.C. 1982) *aff'd* 725 F.2d 125. A conspiracy to deprive a plaintiff of due process of law is insufficient to establish a conspiracy actionable under the Civil Rights Act; rather, the Plaintiff must show that the defendants conspired to deprive him of the equal protection of the laws. Dunn v. New Jersey Transit Corp., 681 F.

Supp. 246, 251 (D.N.J. 1987); Smith v. Bucci Det. Agency, 316 F. Supp. 1284, 1285 (W.D. Pa. 1970).

The Plaintiff must establish a clear and intentional discrimination against him. Smith, 316 F. Supp. at 1285.  In a §1985 action, a necessary element of a conspiracy is that the conspirator act knowingly, wilfully and with the intent to deprive the Plaintiff of the equal protection of the laws.  Hardmon v. County of Lehigh, 613 F.Supp. 649, 653 (E.D. Pa 1985).  The conspiracy to deprive the Plaintiff of his equal protection rights must be motivated by racial or other class-based invidiously discriminatory purposes in order to be actionable under §1985.  United Brotherhood of Carpenters and Joiners, Local 1610 v. Scott, 463 U.S. 825, 828-29 (1983).  A clear showing of invidious, purposeful and intentional discrimination is necessary. Snowden v. Hughes, 321 U.S. 1 (1944); Robinson v. McCorkle, 469 F.2d 111 (3rd Cir. 1972), *cert. den.* 409 U.S. 1042.

In the case at bar, plaintiff simply cannot meet the necessary element set forth under 42 U.S.C. §1985(3).  Specifically, plaintiff cannot establish that he belongs to a proper class of persons covered by the statute or that said classification was the motivation for the alleged conspiracy.  Indeed, Plaintiff does not allege that the purported constitutional violations were motivated by racial or other class-based invidiously discriminatory purpose as required for an actionable §1985 claim.  See

e.g. United Brotherhood, 463 U.S. at 828-29.  Moreover, Plaintiff cannot establish the

defendants manifested the specific intent to agree to participate in a concerted effort

to deprive him of his civil rights.

Accordingly, it is respectfully submitted that Plaintiff's conspiracy claims be

dismissed and summary judgment be granted to the Englewood Defendants for same.

**B.    42 U.S.C. §1986**

42 U.S.C. §1986 provides:

> Every person who, having knowledge that any of the
> wrongs conspired to be done, and mentioned in section
> 1985 of this title, are about to be committed, and having
> power to prevent or aid in preventing the commission of
> the same, neglects or refuses so to do, if such wrongful act
> be committed, shall be liable to the party injured, or his
> legal representatives, for all damages caused by such
> wrongful act, which such person by reasonable diligence
> could have prevented; and such damages may be recovered
> in an action on the case; and any number of persons guilty
> of such wrongful neglect or refusal may be joined as
> defendants in the action; and if the death of any party be
> caused by any such wrongful act and neglect, the legal
> representatives of the deceased shall have such action
> therefor, and may recover not exceeding five thousand
> dollars damages therein, for the benefit of the widow of the
> deceased, if there be one, and if there be no widow, then
> for the benefit of the next of kin of the deceased. *But no
> action under the provisions of this section shall be
> sustained which is not commenced within one year after
> the cause of action has accrued.* (Emphasis added).

Therefore, Plaintiff is required to file a §1986 claim within one year after the

cause of action has accrued.  Powers v. Karen, 768 F.Supp. 46, *aff'd* 963 F.2d. 1522

(E.D.N.Y.1991); Garland v. Shapiro, 579 F.Supp. 858 (E.D.Mich.1984).

In this instance, the incident occurred on October 31, 2012 and Plaintiff was

arrested on November 7, 2012.  Plaintiff, however, did not file his complaint until

August 26, 2014.  Regardless of the statute of limitations, there is no basis to support

plaintiff's conspiracy claims.   Clearly, the Plaintiff's §1986 claim exceeds the

statutory limitations period and as such, must be dismissed.

## C.   42 U.S.C. §1983

Furthermore, independent of any applicable federal statute which Plaintiff must

follow in framing his conspiracy claims, Plaintiff fails to proffer any facts to sustain

a claim of conspiracy.   Indeed, his allegations, as per the Complaint, concern

falsifying evidence and/or making false statements.  However, the evidence shows

that McDonald's report and/or testimony were based upon the extensive investigation

into the incident at the 7-Eleven in Englewood, New Jersey.  Moreover, to the extent

Plaintiff bases his claims on the false statements that were allegedly made to

Plaintiff's co-defendant, Justin Evans, and his mother, during Evans' interrogation,

such claims are without merit.  Indeed, it is well settled that a police officer's use of

trickery or strategic deception during interrogations is not only permissible, but

justified as a necessary and proper means of ensuring effective law enforcement and

crime control.  See Henderson v. Hendricks, 2005 WL 3406434 (D.N.J. Dec. 13, 2005); U.S. ex. rel. Kern v. Maroney, 275 F. Supp. 435 (W.D. Pa. 1967);  State v. Cooper, 151 N.J. 326, 355-56 (1997); State v. Patton, 362 N.J. Super. 16, 25 (App. Div. 2003).

Accordingly, there is no factual basis to support a claim of a conspiracy against any of the Englewood Defendants and plaintiff's conspiracy claim should be dismissed.

## POINT IV

## THE ENGLEWOOD POLICE DEPARTMENT IS ENTITLED TO SUMMARY JUDGMENT AS TO ALL CLAIMS BECAUSE IT IS NOT A SEPARATE JURAL OR LEGAL ENTITY AND CANNOT SUE OR BE SUED.

Plaintiff's Complaint names the City of Englewood and the Englewood Police Department as party Defendants. The Englewood Police Department is not, however, an independent stand alone entity which may sue or be sued in its own name. Since the City of Englewood is already named as a Defendant to the lawsuit, there is no legal basis to also name its Police Department.

A Department of a municipal body is merely an arm of the municipality and should not be considered as a separate, independent "sue and be sued" entity. See e.g. Boneberger v. Plymouth Township, 132 F.3d 20, 25 n.4 (3d Cir. 1997); Michael v. State, 955 F. Supp. 315, 317, n.1 (D.N.J. 1996) (finding Police Department had no separate legal existence); Larsen v. Township of Branchburg, 2007 WL 135706, *1 fn.1 (App. Div. 2007) ("The Police Department is not an independent entity, but only a department within the Township form of government."); Del Tufo v. Old Bridge Township, 278 N.J. Super. 312, 316 fn.1 (App. Div. 1995) (doubting the separate legal existence of the police department and invited correction of the issue upon remand).

Based upon the above, any and all claims as asserted against the Englewood

-26-

Police Department respectfully requests all claims against it be dismissed with prejudice.

## POINT V

## THE ENGLEWOOD DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT AS TO PLAINTIFF'S CLAIM FOR PUNITIVE DAMAGES BECAUSE PLAINTIFF HAS FAILED TO ALLEGE CONDUCT SUFFICIENT ENOUGH TO SUSTAIN AN AWARD OF PUNITIVE DAMAGES.

### A.   As to the City of Englewood and Englewood Police Department

Plaintiff's Complaint requests relief in the form of punitive damages.  As to the City of Englewood and Englewood Police Department, such claims are not viable. In Newport v. Facts Concerts Inc., 453 U.S. 247, 271 (1981), the United States Supreme Court expressly held "that a municipality is immune from punitive damages under 42 U.S.C. § 1983."  The Court further noted that "a municipality...can have no malice independent of the malice of its officials.  Damages awarded for punitive purposes, therefore, are not sensibly assessed against the governmental entity itself." Id. at 267.

Similarly, immunity is afforded to the City of Englewood and Englewood Police Department under the state law for punitive damages.  N.J.S.A. 59:9-2(c) provides that "[n]o punitive or exemplary damages shall be awarded against a public entity."  The reason for this immunity was stated in O'Connor v. Harms, 111 N.J. Super. 22, 27-28 (App. Div.), certif. den., 57 N.J. 137 (1970), stating that immunity is afforded a public entity, "by reason of its being an artificial legal entity created by

law to perform limited governmental functions, [it] cannot entertain malice, as a public corporation."  111 <u>N.J. Super.</u> at 27

Accordingly for all the foregoing reasons, Defendants, City of Englewood and Englewood Police Department, respectfully request all claims for punitive damages against them be dismissed.

### B.    As to the Individually Named Defendants, McDonald, Singh, Cubillos, Incle, Jr., and Kinlaw

Suits brought against state officials in their official capacity "generally represent only another way of pleading an action against an entity of which an officer is an agent." <u>Monell v. New York City Dept. of Soc. Servs.</u> 436 <u>U.S.</u> 658, 690, n. 55 (1978).  Thus, these suits are basically suits against the "official's office" or the State itself and plaintiff would also not be entitled to punitive damages from the individual defendants acting in their official capacities.  <u>Hafer v. Melo</u>, 502 <u>U.S.</u> 21, 25-26 (1991).

The Supreme Court has held that "punitive damages are available in a 'proper' §1983 action." <u>Carlson v. Green</u>, 446 <u>U.S.</u> 14, 22 (1980). When individual defendants are found liable in their personal capacities, they may also be held "liable for punitive damages for their misconduct on the same basis as other individual defendants." <u>Smith v. Wade</u>, 461 <u>U.S.</u> 30, 35 (1983).  However, as a matter of law, punitive damages may only be awarded to a plaintiff based on conduct, which is so outrageous

-29-

due to a defendant's "evil motive" or "reckless or callous indifference to the federally protected rights of others." Id. at 56 (*citing* Restatement (Second) of Torts §908(2) (1979)). Punitive damages are never awarded as a matter of right. Id. at 52. "The focus is on the character of the tortfeasor's conduct -- whether it is of the sort that calls for deterrence and punishment over and above that provided by compensatory awards." Id. at 54.

The New Jersey Civil Rights Law is the "state law equivalent of 42 U.S.C. 1983." Hottenstein v. City of Sea Isle City, 977 F. Supp. 2d 353, 365 (D.N.J. 2013); Citizens for a Better Lawnside Inc. v. Bryant, 2006 WL 3825145 (D.N.J.,2006); N.J.S.A. 10:6-1, et seq. In Smith v. Wade, 461 U.S. 30 (1983), the United States Supreme Court established the threshold necessary for the bringing of a punitive damages claim pursuant to 42 U.S.C. § 1983, holding: "a jury may be permitted to assess punitive damages when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." Id. at 56.

The New Jersey District Court has applied a substantially similar standard in the context of a §1983 claim, adding an additional requirement that the improper behavior be part of a pattern or practice of behavior on the part of the defendant. Urbano v. McCorkle, 334 F. Supp. 161, 170 (D.N.J. 1971) *supplemented*, 346 F.

Supp. 51 (D.N.J. 1972) *aff'd*, 481 F.2d 1400 (3d Cir. 1973); see also, Powell v.

Pennsylvania Hous. Fin. Agency, 563 F. Supp. 419, 421 (M.D. Pa. 1983) .  The

Urbano Court held that punitive damages should not be awarded in a Section 1983

proceeding unless there is a showing that the prescribed action has been a constant

pattern or practice of behavior of defendant and that such practice has been willful

and in gross disregard of the rights of plaintiff.  Id. at 170. Liability under Section

1983 is a species of tort liability. City of Monterey v. Del Monte Dunes at Monterey,

Ltd., 526 U.S. 687, 709 (1999).  Thus, it is not surprising that the standard set forth

in Smith is essentially the same as that ordinarily applied in New Jersey with respect

to punitive damages.  Morgan v. Union County Board of Chosen Freeholders, 268

N.J.Super. 337, 367 (App. Div. 1993), *certif. denied*, 135 N.J. 468 (1998).

    In New Jersey civil-rights actions, punitive damages can be assessed against

an individual, as set forth above. See Smith v. Wade, 461 U.S. 30 (1983); City of

Newport v. Fact Concerts, Inc., 453 U.S. 247, 266-67 (1981); DiGiovanni v. Pessel,

55 N.J. 188 (1970); Berg v. Reaction Motors Div., 37 N.J. 396 (1962).  However,

municipalities are specifically immune from such punitive damages under §1983.

    Here, plaintiff has failed to demonstrate that an award of punitive damages is

justified as to these defendants.  There is simply no evidence that the individually

named defendants, McDonald, Singh, Cubillos, Incle, Jr., and Kinlaw, acted with

"evil motive" or "reckless or callous indifference."  Thus, clearly the imposition of punitive damages as to plaintiff's claims of violations of the United States Constitution and/or the New Jersey Constitution, would be inappropriate.

Accordingly, it is respectfully submitted that the individually named defendants, McDonald, Singh, Cubillos, Incle, Jr., and Kinlaw, are entitled to summary judgment as to all punitive claims.

## POINT VI

**DEFENDANTS MCDONALD, SINGH, CUBILLOS, INCLE, JR. AND KINLAW RELY UPON THE ARGUMENTS SUBMITTED BY THE CITY OF ENGLEWOOD.**

To the extent applicable, the Englewood Detective Defendants respectfully adopt and aver the arguments submitted on behalf of the City of Englewood in support of its Motion for Summary Judgment.  Indeed, plaintiff Tyrone Stephens seeks relief against all of the Englewood Defendants in each of his causes of action, independent of the fact of whether or not such a claim is appropriate against them. (For example, plaintiff seeks relief from the individual Englewood Detective Defendants on his *respondeat superior* claim even though such a claim, to the extent it is even cognizable, is more appropriately asserted against the  City itself.) Moreover, and in the interests of brevity, the Englewood Detective Defendants have sought not to duplicate arguments, and will rely upon the City's submission.

As such, and to the extent applicable, the City of Englewood's arguments are specifically incorporated by reference herein and relied upon by defendants McDonald, Cubillos, Incle Jr., Kinlaw and Singh.

## <u>CONCLUSION</u>

Based upon the foregoing reasons, as well as those set forth in the brief submitted in support of the Defendant, City of Englewood's Motion for Summary Judgment, the Englewood Detective Defendants McDonald, Singh, Cubillos, Incle, Jr., and Kinlaw, respectfully request that this Court enter an Order granting summary judgment in their favor and dismissing, in its entirety, Plaintiff's Complaint with prejudice.

Respectfully submitted,

Dated: August 14, 2015        By:   *s/Marc D. Mory*
MARC D. MORY, ESQ.
**DVORAK & ASSOCIATES, LLC**
390 George Street, 8th floor
New Brunswick, New Jersey 08901
(732) 317-0130
*Attorneys for Defendants, McDonald, Singh, Cubillos, Incle, Jr., and Kinlaw*

-34-