## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MARC AND TYRONE STEPHENS,** | Civ. No. 2:14-05362 (WJM) |
| **Plaintiffs,** | |
| **v.** | **OPINION** |
| **CITY OF ENGLEWOOD,** *et al.*, | |
| **Defendants.** | |

**WILLIAM J. MARTINI, U.S.D.J.:**

Proceeding *pro se*, Plaintiffs Marc Stephens and Tyrone Stephens filed a 20-count complaint against an attorney, the City of Englewood, the Englewood Police Department, and a number of individual police officers.  On November 3, 2015, this Court issued an order entering summary judgment in favor of Defendants.  Plaintiffs now move for reconsideration of that order.  For the reasons that follow, Plaintiffs' motion will be **DENIED**.

### I.      BACKGROUND

The Court writes primarily for the parties and assumes familiarity with the facts.  On August 26, 2014, Plaintiffs filed the instant action against the City of Englewood, the Englewood Police Department, and a number of police officers (collectively, the "Englewood Defendants").  The complaint also asserts claims against attorney Nina Remson and her law firm (collectively, the Remson Defendants).  Plaintiffs allege that the Englewood Defendants falsely charged Tyrone in connection with an October 31, 2012 robbery (hereinafter, "the October 31 Incident") that he did not commit.  Plaintiffs also allege that the Remson Defendants committed malpractice when representing Tyrone in a separate matter unrelated to the October 31 Incident.  After taking discovery, all Defendants moved for summary judgment, and in a November 3, 2015 Order, the Court granted Defendants' motions.

In an opinion accompanying its November 3, 2015 Order, the Court explained its reasons for entering summary judgment in favor of Defendants.  *See Stephens v. City of Englewood*, Civ. No. 2:14-05362, 2015 WL 6737022 (D.N.J. Nov. 3, 2015).  It first explained that the Remson Defendants were entitled to summary judgment because

Plaintiffs never served them with an affidavit of merit.  It further concluded that the record did not support a finding that Plaintiffs were somehow exempted from New Jersey's affidavit of merit requirements.  With respect to the Englewood Defendants, the Court explained that the Englewood Police Department had probable cause to arrest Tyrone, which precluded Tyrone from succeeding on his 42 U.S.C. § 1983 claims.  Similarly, because the Englewood Police Department possessed sufficient evidence supporting its decision to charge Tyrone, the Englewood Defendants were also entitled to summary judgment on Tyrone's state law claims.

Plaintiffs now move for reconsideration of the Court's November 3, 2015 Order.  A court may grant a motion for reconsideration under Rule 59(e) only if (1) there has been an intervening change in the controlling law; (2) new evidence has become available since the court granted the subject motion; or (3) it is necessary to correct a clear error of law or fact or to prevent manifest injustice.  *Max's Seafood Café by Lou–Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).  Manifest injustice pertains to situations where a court overlooks some dispositive factual or legal matter that was presented to it.  *See In re Rose*, No. 06–1818, 2007 WL 2533894, at *3 (D.N.J. Aug.30, 2007).  In this case, Plaintiffs argument appears to be that reconsideration is needed to correct a clear error of law.  For the reasons stated below, the Court rejects Plaintiffs' position.

With respect to the Remson Defendants, Plaintiffs have failed to demonstrate why they should be exempted from New Jersey's affidavit of merit requirement, which requires a plaintiff to show "that the complaint is meritorious by obtaining an affidavit from an appropriate licensed expert attesting to the 'reasonable probability' of professional negligence."  *Ferreira v. Rancocas Orthopedic Assocs.*, 178 N.J. 144, 149-50 (2003) (citing N.J.S.A. 2A:53A-27).  Specifically, the record shows that Plaintiffs failed to inform the Remson Defendants that they required information for the specific purpose of filling out an affidavit of merit.  *Scaffidi v. Horvitz*, 343 N.J. Super 552, 554 (N.J. Super. Ct. App. Div. 2001).  Moreover, and notwithstanding their bald assertions to the contrary, Plaintiffs have not put forth any evidence refuting the fact that they already possessed sufficient information to comply with New Jersey's affidavit of merit requirement.[1] Finally, the Court finds no reason to revisit its determination that the issues presented in Plaintiffs' legal malpractice claim were sufficiently complex to require the filing of an affidavit of merit. *Palanque v. Lambert-Woolley*, 168 N.J. 398, 406 (2001). Consequently, Plaintiffs' motion for reconsideration with respect to the Remson Defendants is denied.[2]

The Court reaches the same conclusion with respect to the Englewood Defendants.  In doing so, the Court will not rehash every argument addressed in the decision accompanying

---

[1] Most notably, the record shows that Plaintiffs were in possession of Tryone's case file prior to filing the instant lawsuit.  While Marc asserts that he lost access to his files after his computer was hacked, he presents no evidence supporting that assertion.  Marc's other claims of document destruction are similarly unsupported.

[2] The Court similarly rejects Plaintiffs' argument that the affidavit of merit statute is facially unconstitutional.

its November 3, 2015 Order.  Suffice to say, the record shows that Engelwood police officers had probable cause to arrest Tyrone.  Specifically, the officers had four main pieces of evidence implicating Tyrone in the October 31 Incident: (1) the alleged photo identification by Natalia Cortes; (2) the statements made by Justin Evans; (3) inconsistencies in testimony regarding Tyrone's alibi; and (4) the statement Tyrone allegedly made to Jaquan Graham while in a holding cell.  *Stephens*, 2015 WL 6737022, at \*6.  In the face of these facts, Plaintiffs now appear to conjure new theories in support of their claims, *e.g.*, that the Englewood Defendants falsified sworn statements so that they could bring charges against Tyrone.  Even assuming that Plaintiffs raised such allegations in their opposition to summary judgment, they are nonetheless unsupported by anything in the record.  Consequently, the Court will not reconsider its determination that the Englewood Detectives cannot be held civilly liable for charging Tyrone in connection with the October 31 Incident.

## II.      CONCLUSION

For the foregoing reasons, Plaintiffs' motion for reconsideration is **DENIED**.  An appropriate order accompanies this decision.

                                                   /s/ William J. Martini
                                       **WILLIAM J. MARTINI, U.S.D.J.**

**Date: January 13th, 2016**