UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

**MARC AND TYRONE STEPHENS,**

        **Plaintiffs,**

   v.

**CITY OF ENGLEWOOD,** *et al.*,

        **Defendants.**

Civ. No. 2:14-05362 (WJM)

**OPINION**

**WILLIAM J. MARTINI, U.S.D.J.:**

Proceeding *pro se*, Plaintiffs Tyrone and Marc Stephens have asserted legal malpractice claims against a law firm, Comet Law Offices, LLC ("Comet"). This matter comes before the Court on Plaintiffs' motion for default judgment against Comet. Because the remaining claims in the case arise exclusively under state law, the Court declines to exercise supplemental jurisdiction over those claims and dismisses the claims without prejudice to Plaintiffs' right to refile them in state court. Consequently, Plaintiffs' motion for default judgment will be **DENIED AS MOOT**.

**I.**    **BACKGROUND**

In August of 2014, Plaintiffs filed suit against (1) the City of Englewood, (2) the Englewood Police Department, (3) a number of individual police officers; (4) an attorney, Nina Remson; and (5) Comet. On November 3, 2015, this Court issued an order entering summary judgment in favor of Remson, the City of Englewood, the Englewood Police Department, and all individually named police officers.

Consequently, all that remains is a "Negligence/Malpractice" claim and an "Ineffective Assistance of Counsel" claim, both made against Comet. Despite being named in the complaint, Comet has failed to plead or otherwise respond. Consequently, Plaintiffs have moved for default judgment against Comet.

## II. DISCUSSION

Before reaching Plaintiffs' motion for default judgment, the Court must decide whether it should exercise supplemental jurisdiction over Plaintiffs' claims against Comet. For the reasons that follow, the Court answers that question in the negative.

28 U.S.C. § 1367 provides that a district court may decline to exercise supplemental jurisdiction over a claim where:

1. the claim raises a novel or complex issue of State law,
2. the claim substantially predominates the claim or claims over which the district court has original jurisdiction
3. the district court has dismissed all claims over which it has original jurisdiction, or
4. in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

§ 1367(c). Moreover, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors … will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).

Here, judgment has been entered on all of the federal claims in this action and all that remains are two claims against Comet. The first claim is for "Negligence/Malpractice," which arises exclusively under state law. And while the second claim is labeled "Ineffective Assistance of Counsel," it too arises under state law given that there is no such thing as a §1983 ineffective assistance of counsel claim against a private attorney. *See Polk County v. Dodson*, 454 U.S. 312 (1981) (§1983 does not provide for a "constitutional tort" against a public defender for providing ineffective assistance). *See also Clark v. Vernon*, 228 Fed.Appx. 128, 131 (3d Cir. 2007) ("private attorneys…do not act under the color of state law when performing their function as counsel.")[1] Consequently, the Court will liberally construe the complaint as alleging two separate claims for legal malpractice. *See Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003) (a court "must liberally construe [*pro se*] pleadings, and … apply the applicable law, irrespective of whether the *pro se* litigant has mentioned it by name.") (citations omitted).

It is therefore apparent that the remaining claims in this case exclusively involve state law concerns, such as the professional standard of conduct applicable to New Jersey attorneys and whether Comet met that standard when performing its services for Plaintiffs.

---

[1] Moreover, it is appropriate to construe the "Ineffective Assistance of Counsel" claim as a malpractice claim because the claim extensively cites New Jersey's Rules of Professional Conduct.

Moreover, while the Court has expended time and resources on Plaintiffs' other claims, the claims against Comet have essentially remained stagnant at the early pleading stage. *See Hernandez v. Bank*, Civ. No. 15-cv-470 (KM), 2016 WL 816746, *2 (D.N.J. Feb. 25, 2016) (declining to exercise supplemental jurisdiction may be appropriate where the court has not expended resources in handling the state law claims). The balance of factors decidedly points to this Court declining to exercise jurisdiction over what is now a state law malpractice lawsuit. Therefore, Plaintiffs' claims against Comet with be **DISMISSED WITHOUT PREJUDICE** to Plaintiffs' right to refile those claims in state court. As a result, Plaintiffs' motion for default judgment against Comet will be **DENIED AS MOOT**. *See, e.g., FDIC v. Madison Title Agency*, LLC, Civ. No. 12-3009(MAS)(LHG), 2014 WL 7333196 (D.N.J. Dec. 18, 2014) (denying default judgment motion after declining to exercise supplemental jurisdiction over the claims that were the subject of the motion).

### III. CONCLUSION

For the foregoing reasons, the claims against Comet be **DISMISSED WITHOUT PREJUDICE** to Plaintiffs' right to refile those claims in state court. Consequently, Plaintiffs' motion for default judgment is **DENIED AS MOOT**.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: April 6, 2016**